Richard V. **HARTSELL** and Marjorie Hartsell, husband and wife, Plaintiffs,

v.

Calvin E. **WRIGHT**, District Director of Internal Revenue, Defendant.

Civ. A. No. 2164.

United States District Court
D. Idaho, E. D.

Feb. 15, 1960.

---

L. Charles Johnson, Callis A. Caldwell, Pocatello, Idaho, for plaintiffs.

Scott W. Reed, Asst. U. S. Atty., Boise, Idaho, by J. J. Kilgariff, Tax Division,

Dept. of Justice, Washington, D. C., for defendant.

FRED M. TAYLOR, District Judge.

The above entitled cause came on for trial before this court, sitting without a jury, on October 22, 1959, the parties to this action having waived trial by jury, the Plaintiffs appearing by and through their attorney, L. Charles Johnson, Esquire, of Johnson and Olson, of Pocatello, Idaho, and the Defendant being represented by Kenneth Bergquist, Esquire, office of United States Attorney, of Boise, Idaho, and John J. Kilgariff,. Esquire, of Washington, D. C., of the United States Department of Justice, the issue having come on for trial based upon the complaint of the plaintiff, answer of the defendant and stipulation of the parties;

Oral and documentary evidence was introduced by and on behalf of the plaintiff and no witnesses were called by the defendant; and the court, being fully advised in the premises, now makes and finds the following Findings of Facts and Conclusions of Law.

Findings of Fact

The Court finds:

I.

That at all times relevant to this matter the plaintiffs reside and resided in the city of Pocatello, State of Idaho, and are a marital community under the laws of the State of Idaho. . That this action arises under the laws of the United States, the Revenue Acts of 1939 and 1954, as amended, and under Title 28 U.S.C. §§ 1346 and 1402.

II.

That at all times relevant the Defendant was, and now is, District Director of the Internal Revenue Service, United States Treasury Department for the District of Idaho and is a resident of said District.

III.

That plaintiffs for the calendar year of 1955 executed a joint individual Income Tax Return and paid the income tax shown as due thereunder as said return was completed in the amount of $1,017.-54; and that taxpayers had made payments and credits by prepayment in the total sum of $1,365.20 and applied through such return for a refund of $347.66; that said return was properly mailed and received by the District Director of Internal Revenue or Collector of Internal Revenue, and the said return as received in evidence was as filed with the defendant by plaintiffs.

IV.

That the taxpayers in this cause received during the calendar year 1955 income of $9,647.12 as follows:

| | |
|---|---|
| J. F. Pritchard & Co. | $ 3,350.46 |
| Securities Credit Corp. | 2,415.00 |
| Kaiser Engineers | 1,351.40 |
| Morrison-Knudsen Co. | 1,174.26 |
| | 8,291.12 |

That, in addition, the taxpayer, Richard V. Hartsell, received during the calendar year 1955, a so-called "isolation pay" from his employers as follows:

| | |
|---|---|
| Kaiser Engineers | $324.00 |
| Morrison-Knudsen Co. | 198.00 |
| J. F. Pritchard & Co. | 834.00 |
| | 1,356.00 |
| Total as aforesaid | $9,647.12 |

### V.

That thereafter there was alleged an income tax liability of taxpayers for calendar year 1955 of $1,566.13 plus interest, and Defendant mailed notices of such deficiency to taxpayer; and taxpayer admitted as due on deficiency the sum of $1,365.20 being withholding tax taken by the taxpayers in itemized deduction; and taxpayers contest and assert as erroneous the inclusion of $1,356.00 travel or isolation pay received by Plaintiff, Richard V. Hartsell, during the year 1955 in the taxable income of taxpayers. As further explanation the pre-payment credit in the amount of $40.82 FICA was paid to taxpayers after filing of a refund claim.

### VI

That thereafter on or about March 18, 1958, the taxpayers did pay the deficiency alleged the $548.59 by allowing the District Director to credit a prepayment of $347.66 and remitting to the District Director the check of $222.03; and on or about May 21, 1958, the taxpayers signed and properly and duly filed with the District Director where the assessment was made a claim for refund of $468.72 and the said sum of $452.58 or such proper sum as would represent the inclusion of $1,356 in taxable income was paid to and collected by said District Director; that thereafter in a letter dated October 21, 1958, taxpayers received a disallowance of such claim; and that more than six months passed since the filing of the above claim until plaintiffs filed this action and before filing said action, plaintiffs received only the denial of their claim.

### VII.

That plaintiff, Richard V. Hartsell, is, and was during all the year 1955, a non-itinerant pipefitter and plumber by trade, and a member of the United Association of Journeymen and Apprentices of the United States and Canada, A. F. of L., Local Union Number 648, and began his apprenticeship after leaving the Armed Forces of the United States prior to 1955, and at all relevant times has pursued said trade wholly and solely in the area under the jurisdiction of said Local Number 648.

### VIII.

That the area under the jurisdiction of Local Union Number 648 during 1955 was the whole of Southeastern Idaho, and the said local union maintains its permanent business office in Pocatello, Idaho, and during the year 1955, the taxpayer used the local union business office as his only business office in the carrying on of his trade during the entire year and all of his employers during that year made their first contact with the Plaintiff, Richard V. Hartsell, through said local union office in Pocatello, Idaho.

### IX.

The taxpayers have maintained a home as a marital community and are permanent residents of, and in, Pocatello, Idaho.

### X.

That during 1955 the taxpayer, Richard V. Hartsell, traveled from Pocatello, Idaho, to the Atomic Energy Commission job site for each of three employers: J. F. Pritchard & Co., Morrison-Knudsen Company, Inc., and Kaiser Engineers, that the Atomic Energy Commission (known also as A. E. C.) site was in 1955, and now is, the property of the United States Government, maintained exclusively for atomic energy research. It was, and is, so located in the midst of a desert area near Arco and Blackfoot in southeastern Idaho, and is, and was in 1955, approximately 30 miles by 50 miles; that a reasonable cost and expense of travel in an automobile as undertaken by the taxpayer, Richard V. Hartsell, during the year 1955 was 8¢ per mile for each mile traveled and this being the taxpayer's depreciation, gasoline and other automobile expenses involved in such travel.

### XI.

That the mileage between Pocatello, Idaho, and the work site of the taxpayer, Richard V. Hartsell, near Arco, Idaho, is 70 miles one way and 140 miles round trip and that the car and travel expense on making this trip is $11.20.

### XII.

That the relevant employment of the taxpayer, Richard V. Hartsell, during 1955 was as follows: The Plaintiff was employed with the J. F. Pritchard & Co. on the Atomic Energy Commission site from June, 1954, to April, 1955. There was a period in which he was not employed with said company on said site, but returned and commenced his employment on the said site with said company in July, 1955, and continued there until September, 1955, and that while employed in his trade with J. F. Pritchard & Co. he made 62 round trips from his home in Pocatello, Idaho, to the work on the job site and returning. That the Plaintiff, Richard V. Hartsell, was employed with the Morrison-Knudsen Company, Inc., on the A. E. C. site, from April, 1955, through May of 1955, and that while employed in his trade with the Morrison-Knudsen Company, Inc., he made 33 round trips from Pocatello, Idaho, to the work on the job site and return. That plaintiff, Richard V. Hartsell, was employed with the Kaiser Engineers on the A. E. C. site, from October, 1955, to June of 1956, and that while employed in his trade with Kaiser Engineers during the year 1955 he made during said year 37 round trips from Pocatello, Idaho, to the work on the job site and return.

### XIII.

The taxpayer and others in his trade, as personal convenience, prefer to work within the boundaries of the City of Pocatello or within the so-called "free zone" which is an area within five miles of the outside boundaries of the City of Pocatello. When working within the actual Pocatello, Idaho, boundaries, or within the so-called five mile free zone, the taxpayer and other pipefitters and plumbers receive no reimbursed travel allowance. However, should they secure employment through the Pocatello business office on a construction job outside the city limits and free zone, they do receive reimbursed travel pay for the employment on such construction projects.

### XIV.

That the taxpayer, Richard V. Hartsell, drove his own automobile from Pocatello, Idaho, to the work site on the Atomic Energy Commission site on each of the said three employments as follows:
J. F. Pritchard & Co., 62 round trips;
Morrison-Knudsen Company, Inc., 33 round trips;
Kaiser Engineers, 37 round trips.

### XV.

That the area surrounding the Atomic Energy Commission site is desert and at all times relevant here there were no available places for habitation within at least 46 miles from the job site, such being the mileage one would have to travel on the A. E. C. site to get to the job as well as to A. E. C. site from the nearest habitable place being Arco, Idaho, so that one would have to travel 92 miles round trip to get to the particular job site and back to the nearest habitable living center of Arco, Idaho.

### XVI.

That there are no living facilities provided on the Atomic Energy Commission site and no transportation is afforded to those in the trade of the taxpayer, Richard V. Hartsell, who are working on the said site; that, although the government subsidizes busses and transportation for others, no such busses were available in 1955 to Richard V. Hartsell and those so engaged in his trade.

### XVII.

That the plaintiff, Richard V. Hartsell, was, as others in his trade, engaged for call throughout southeastern Idaho from

the central location of the business office in the Union Temple at Pocatello, Idaho, and could in 1955 be assigned anywhere in the area surrounding Pocatello from said central location so that his work would involve, upon call, traveling north, south, east and west of Pocatello, Idaho.

## XVIII.

The travel expenses incurred by the taxpayer, Richard V. Hartsell, were, on each of the said three jobs during 1955, ordinary and necessary expenses; and such expenses were caused by the exigency of the trade of the taxpayer incurred in pursuing his calling while away from home, and, such expenses were required by the exigency of the business of each of his employers.

## XIX.

Each of the said jobs with the three employers involved herein involved construction work of a non-permanent nature and none of said jobs were substantial in duration.

## XX.

The said plaintiff's employment during 1955 for Morrison-Knudsen Company, Inc., on the Atomic Energy Commission job site was temporary in nature; and his employment on the other two jobs at the Atomic Energy Commission job site for the J. F. Pritchard & Co., as well as Kaiser Engineers, involved employment indefinite in nature; and as to each of the said employments, to-wit:

J. F. Pritchard & Co.,
Morrison-Knudsen Company, Inc.,
Kaiser Engineers,

the taxpayer and plaintiff, Richard V. Hartsell, is entitled to deduct his ordinary and necessary traveling expenses.

## XXI

Regarding the work for the two employers in which the taxpayer Richard V. Hartsell, pursued his trade on an indefinite status, the plaintiff, Richard V. Hartsell, is entitled to deduct, in regard to the employment with J. F. Pritchard & Co., 92 miles round trip for 62 trips, or 5,704 miles and is entitled to 8¢ per mile as a reasonable expense for so driving his automobile, an expense incurred of $456.32.

Similarly, on the Kaiser Engineers employment, he is entitled to 92 miles round trip for 37 trips which is 3,404 at 8¢ per mile, or an expense incurred to $272.32.

On the Morrison-Knudsen Company, Inc., employment, the taxpayer, Richard V. Hartsell, was involved in temporary employment and made 33 trips and is entitled to 140 miles round trip or a total of 4,620 miles at 8¢ per mile, or an expense incurred of $369.60; and the taxpayer is thus entitled to receive $1,098.-24 for traveling expenses on all three jobs during the year 1955..

## Conclusions of Law

From the foregoing findings of facts the court concludes, as a matter of law:

## I.

This court has jurisdiction of the parties in the subject matter of this action.

## II.

The question having been presented for decision as to whether or not the taxpayer, Richard V. Hartsell, is entitled to deduct for automobile traveling expenses to and from the three job sites of taxpayer and his Pocatello, Idaho, home or business address, as to his employment in the year 1955 and, specifically, whether or not such expenses are deductible as trade, or business, expenses under Section 162(a) (2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a) (2), or whether such expenses are personal expenses and not deductible under Section 262 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 262.

## III.

The travel expenses incurred by the taxpayer, Richard V. Hartsell, were, on

each of the said three jobs during 1955, ordinary and necessary expenses; and such expenses were caused by the exigency of the trade of the taxpayer incurred in pursuing his calling while away from home, and, such expenses were required by the exigency of the business of each of his employers; and such expenses were not due to the personal need or desire of the taxpayer, Richard V. Hartsell.

### IV.

Each of the said jobs with the three employers involved herein involved construction work of a non-permanent nature and none of said jobs were substantial in duration.

### V.

The said plaintiff's employment during 1955 for Morrison-Knudsen Company, Inc., on the Atomic Energy Commission job site was temporary in nature; and his employment on the other two jobs at the Atomic Energy Commission job site for the J. F. Pritchard & Co., as well as Kaiser Engineers, involved employment indefinite in nature; and as to each of the said employments, to-wit:

J. F. Pritchard & Co.,
Morrison-Knudsen Company, Inc.,
Kaiser Engineers,

the taxpayer and plaintiff, Richard V. Hartsell, is entitled to deduct his ordinary and necessary traveling expenses.

### VI.

That pursuant to the provisions of Section 162(a) of the Internal Revenue Code of 1954 and the laws of the United States of America made and provided, the taxpayer is entitled to deduct his travel expenses, being all of such expenses incurred for his temporary employment with Morrison-Knudsen Company, Inc. employment, and for this is entitled to deduct $369.60 for such employment; and as to the other two employers in which the plaintiff, Richard V. Hartsell, pursued his trade on an indefinite status, he is entitled to deduct 92 miles for each trip made during the year 1955, and is thus entitled to deduct as a trade expense the sum of $456.32 on the J. F. Pritchard & Co. employment and $272.32 on the Kaiser Engineers employment; and the plaintiffs are thus entitled to receive a trade expense deduction covering the year 1955 of $1,098.24 for traveling expenses on all three employments during the year.

### VII.

That the plaintiffs are entitled to judgment against the defendant for the principal sum of $238.55, with interest thereon at 6% according to law.