SOTERIOS AND CATHARINE HANTZIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hantzis v. Commissioner
Docket No. 965-78.
United States Tax Court
T.C. Memo 1979-299; 1979 Tax Ct. Memo LEXIS 228; 38 T.C.M. (CCH) 1169; T.C.M. (RIA) 79299; August 7, 1979, Filed Soterios Hantzis and Catharine Hantzis, pro se. Gary S. Gross, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a $433.31 deficiency in petitioners' 1975 income tax. The only matter in dispute is his disallowance of a $3,406 deduction which had been claimed as "employee business expenses" on petitioners' return, and which relates to travel expenses incurred by Catherine Hantzis in connection with a ten-week trip in the summer *229 of 1975 and a three-day trip in December 1975, both from Boston, Mass., to New York City. FINDINGS OF FACT Petitioners, husband and wife, have resided continuously in Boston, Mass., since mid-1973. Petitioner Soterios Hantzis is a teacher; in 1975 he was a member of the faculty of Northeastern University in Boston. Mrs. Hantzis (sometimes hereinafter referred to as "petitioner") is now a lawyer, employed by the Commonwealth of Massachusetts. Until about mid-1973 and for a number of years prior thereto, Mrs. Hantzis was at the University of California at Berkeley, working towards a Ph. D. degree in philosophy, and in connection therewith was engaged at the same time in part-time teaching in the philosophy department. She was compensated about $4,000 per academic year for her teachin. In 1973 her husband "decided that he wished to return to Boston to settle down", and petitioners then left California. Since that time Mrs. Hantzis has not been gainfully employed teaching philosophy, and the record fails to show whether she did anything further in any substantial way towards obtaining the Ph. D. degree. In the fall of 1973 Mrs. Hantzis became a full-time student at the *230 Harvard Law School in Cambridge, Mass. During her second year at law school she sought unsuccessfully to obtain employment for the summer of 1975 with a Boston law firm. However, she did succeed in getting a summer job as a legal assistant in a New York law firm, and beginning in June of 1975 she became thus employed by that firm for a ten-week period. Her husband, who had a teaching schedule that summer at Northeastern University, continued to reside at their Boston home, but Mrs. Hanzis rented a small apartment in New York for this period. Her total expenses relating to her New York employment amounted to $3,204, consisting of $124 for transportation between Boston and New York and $3,080 for meals and lodging while in New York. During her summer employment she made at least several trips back to Boston for personal reasons, but petitioners do not claim any deduction for travel expenses relating to such trips. Her earnings for the ten-week period were $3,750, which were reported on petitioners' 1975 return. Between December 26, 1975, and December 28, 1975, Mrs. Hantzis attended a convention of the American Philosophical Association in New York City. In connection with that *231 convention she paid expenses totaling $171 for transportation, meals and lodging, and a "convention fee". She maintained a continuing interest in philosophy and had been considering the completion of a draft of a paper in that field which might perhaps be published at some later time. The record fails to establish that any such possible publication would have been productive of any profit or that it was expected to be profitable. In petitioners' 1975 return they deducted $3,406 as "employee business expenses", which were set forth as $3,212 in respect of the summer employment and an aggregate of $194 in respect of the convention. The Commissioner disallowed these deductions in their entirety. OPINION 1. Summer employment expenses. We hold that Mrs. Hantzis' $3,204 summer employment expenses are deductible under section 162(a)(2), I.R.C. 1954, as "traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business". The Government's principal challenge to the applicability of section 162(a)(2) here is petitioner's alleged failure to satisfy the "away from home" requirement. It contends that New York *232 City must be regarded as Mrs. Hantzis' "tax home", with the consequence that she cannot be regarded as having been "away from home" within the meaning of the statute. We disagree. Plainly, petitioner's ten-week stay in New York was temporary.Cf. Michaels v. Commissioner,53 T.C. 269 (1969). This is not a case where deduction must be disallowed because the taxpayer's residence at his place of work was indefinite in duration ( Kroll v. Commissioner,49 T.C. 557 (1968)), nor is this a case where the taxpayer commuted to his place of employment from a residence which he maintained in a remote city merely for his own personal reasons ( Commissioner v. Flowers,326 U.S. 465 (1946)), or where he had no "home" to be away from (cf. Brandl v. Commissioner,513 F. 2d 697 (6th Cir. 1975); Wirth v. Commissioner,61 T.C. 855 (1974)). Petitioner had a bona fide home in Boston (cf. Rambo v. Commissioner,69 T.C. 920, 923 (1978)), and her presence in New York involved at least to some extent the duplication of living expenses for which the statute was intended to afford relief, see James v. United States,308 F. 2d 204, 206 (9th Cir. 1962); *233 Daly v. Commissioner,72 T.C. 190, 195 (1979). Indeed, it would have been unreasonable to expect her to move her permanent Boston home to New York merely because she had a ten-week job in New York -- a consideration that has been regarded as significant in determining whether one's "tax home" is the place of employment rather than his permanent residence. Six v. United States,450 F. 2d 66, 69 (2d Cir. 1971); Kroll v. Commissioner,supra at 562. The Government relies heavily upon our decision in Martin v. Commissioner,19 T.C.M. 1216, 29 P-H Memo. T.C. par. 60,217 (1960), affd. per curiam 295 F. 2d 38 (3d Cir. 1960). There is, to be sure, some similarity between that case and the one now before us. And it is true that we there pointed out that the taxpayer did not regularly carry on a business at the place which he claimed as his home. However, not only must that case be read in the light of such later cases as Rambo v. Commissioner,supra, but the taxpayer in Martin, who had a permanent residence in Trenton, N.J., had a series of temporary jobs over a period of several *234 years in Washington, D.C., which was found to be his tax home. In contrast, petitioner herein had much less extensive contacts with New York City -- she was there employed for only a single ten-week temporary period. The distinction may perhaps not be entirely satisfying, but, as was stated by Judge Friendly in a different context: "If the distinction seems fragile, that is not unusual in cases near a frontier, with large hinterlands on either side". Petschek v. United States,335 F. 2d 734, 737 (2d Cir. 1964). The Government also contends that the deduction must be disallowed because the expenses were not incurred "in pursuit" of business. The point is specious. Of course, the expenses were personal in a sense, but they were necessitated by her employment in New York. Since that employment was temporary, they represented precisely the kind of living costs that section 162(a)(2) was intended to cover. 2. Convention expenses. Although petitioners continued to claim the deduction for the convention expenses in their petition, they made no argument in support thereof in the Memorandum of Law which they filed in lieu of a brief. In any event, no error has *235 been shown in the Commissioner's disallowance of the deduction for this item. Mrs. Hantzis had ceased being engaged in compensatory employment in the field of philosophy since 1973 and the evidence fails to establish even a fond or remote hope that she might sometime in the future receive any income from activities involving philosophy that bear any proximate relationship to attendance at the convention. She certainly was not engaged in business in that field during the taxable year 1975, and there is no basis for allowing any deduction for "business" expenses relating thereto in 1975. They must be classified as personal expenses, the deduction of which is precluded by section 262. Decision will be entered underRule 155.