JAMES M. EAVES AND LUCILLE P. EAVES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71553.   Filed February 23, 1960.

*Edgar E. Hoppe, Esq.*, for the petitioners.

*Harold L. Cook, Esq., Edward J. Eagleton, Esq.*, and *Allen T. Akin, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* Petitioner claims that he is entitled to deduct $1,000 spent for meals as expenses of travel away from home under

sections 62(2)(B)[1] and 162(a)(2)[2] of the 1954 Code.[3] Respondent contends that petitioner has not shown that he spent such a sum, and that the expense was not incurred while petitioner was away from home, thereby constituting personal nondeductible expenses under section 262.[4]

While respondent, in his deficiency notice, determined that petitioner had not substantiated his contention that he expended $1,000 in 1955 for meals while working in Rockdale and still makes that contention in his brief, we think petitioner established at the hearing that he expended that much for the purposes which he claimed. We have so found in our Findings of Fact. Thus, the only issue that we have before us for decision is whether petitioner is entitled to deduct this $1,000 from his gross income in the determination of his adjusted gross income under the applicable statutory provisions.

One of the requirements for deductibility of travel expenses is that they be paid or incurred while away from home. Secs. 62(2) (B) and 162(a)(2); *Commissioner* v. *Flowers*, 326 U.S. 465. It is now settled law that the home from which a taxpayer must be absent is his "tax home." A worker who maintains a home as a family residence at one place while engaging in his trade or occupation at another place is not entitled to deduct from his gross income expenses which he incurs for meals and lodging at his principal place of employment. *Claunch* v. *Commissioner*, 264 F. 2d 309, affirming 29 T.C. 1047.

We have had many cases before us which involve the same issue we have here and the decision as to the issue involved in each case must necessarily depend largely on its own facts. Both parties cite and discuss numerous cases which have involved this issue and we shall not undertake to discuss them all. We think it would serve no useful purpose to do so and would unnecessarily prolong this

---

[1] SEC. 62. ADJUSTED GROSS INCOME DEFINED.
For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions:

\* \* \* \* \* \* \*

(2) TRADE AND BUSINESS DEDUCTIONS OF EMPLOYEES.—

\* \* \* \* \* \* \*

(B) EXPENSES FOR TRAVEL AWAY FROM HOME.—The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee.

[2] SEC. 162. TRADE OR BUSINESS EXPENSES.
(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \* \*

(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; \* \* \*

[3] All section references herein are to the Internal Revenue Code of 1954.

[4] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.
Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

Opinion. Suffice it to say, we are unable to see any distinction in principle between the instant case and *Claunch* v. *Commissioner*, *supra*. In that case, Claunch, a boilermaker, was employed at Sheffield and Birmingham, Alabama, during the first 4 months of 1953, and at Rome, Georgia, with only slight interruptions, during the period from May 1953 to May 1955. He maintained a home for his family at Jasper, Alabama, during the period involved. His traveling expenses for his employment at Sheffield and Birmingham were not in controversy. This Court held that during the period in question his home, for tax purposes, was at Rome, his place of employment, and disallowed deductions for expenses incurred while away from Jasper on the Rome job. We were affirmed in that decision by the Court of Appeals for the Fifth Circuit.

It is true, of course, that there are some differences in the facts of the instant case from those which were present in the *Claunch* case. In the instant case the facts show that Grimes, for whom petitioner was working as foreman on jobs which Grimes had contracted to perform at Rockdale, did its work for Alcoa under several different contracts, whereas in the *Claunch* case Babcock & Wilcox, for whom the taxpayer was working, performed its job of installing boilers for Georgia Power Company at Rome under one contract. But, under all the facts and circumstances, we do not believe this difference is controlling. The controlling fact, we think, is that in both the *Claunch* case and the instant case the employees, taxpayers, were on the job for an indefinite length of time, and not merely for a temporary length of time. For example, in the *Claunch* case we pointed out that Claunch was employed on the same job for the same employer for a period of about 2 years. In the instant case the facts show that petitioner was working at the Alcoa plant near Rockdale throughout the years 1954, 1955, and up until August 1956, when the work there, so far as Grimes was concerned, was finished. It is true that when petitioner was first employed at the Alcoa plant in 1952 on work which had been contracted for by Grimes, he also worked for it on jobs elsewhere. This was also true in 1953. But it was not true in 1954, 1955, and in 1956, up to August, when Grimes' work on the job was completed.

It is clear that during this period of more than 2 years petitioner's main place of employment was at Rockdale. We do not think that his trips back to Austin on Wednesday of each week and his spending the weekends at home in Austin with his wife make it otherwise.

One of the cases which petitioner strongly relies upon as supporting his contention that the costs of his meals at Rockdale are deductible is *Harold R. Johnson*, 17 T.C. 1261. We think that case is so factually different as to be distinguishable in principle. In that case Johnson was a resident of Statesville, Tennessee, and was em-

ployed as a master mechanic to maintain the construction equipment for a firm of general contractors. During the year before the Court, about 50 per cent of the services he rendered his employer was performed in his employer's temporary garage at Memphis and the other 50 per cent of his services was spent repairing equipment at different places away from Memphis. He returned to work at the Memphis garage after completion of each out-of-town assignment. Johnson contended Statesville was his home and that his traveling expenses away from there, including board and lodging, were deductible. However, we found that taxpayer's home for the determination of travel status away from home was at Memphis, his principal place of employment, and that his expenditures for board and lodging while in Memphis were not deductible.

It seems obvious to us that the *Johnson* case, *supra*, does not aid petitioner. We think it supports the determination that respondent has made in the instant case. For much the same reason that we held in the *Johnson* case that Memphis was his principal place of employment and, therefore, his home for the purpose of determining whether he had a travel status which would entitle him to deduct traveling expenses while traveling away from home, we determine in the instant case that Rockdale was petitioner's principal place of employment and, therefore, his home for the purpose of determining his travel status under the applicable statutes.

For reasons which we have stated, we sustain the Commissioner's disallowance as a deduction of the $1,000 which petitioner expended for meals in 1955 while employed on the Alcoa jobs for Grimes at Rockdale.

*Decision will be entered for the respondent.*