RAY A. SMITH AND FLORENCE E. SMITH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68300. Filed March 24, 1960.

*Edgar E. Hoppe, Esq.,* for the petitioners.
*Edward John Eagleton, Esq., Harold L. Cook, Esq.,* and *Allen T. Akin, Esq.,* for the respondent.

1060

OPINION.

BLACK, *Judge:* Petitioner contests the disallowance of $1,657.50 expended for meals and lodging in Rockdale during 1953, and of $458.64 expended in the same year in making trips from Rockdale to Austin to spend the weekends with his wife. The grounds which petitioner urges against the action of the Commissioner in making these disallowances is that the employment of petitioner at Rockdale

during 1953 was temporary in character and that the amounts in question are deductible as traveling expenses under either section 22(n)(2) or section 23(a)(1)(A), I.R.C. 1939.

The Commissioner, in his determination of the deficiency, has disallowed such deductions on the ground that petitioner's employment at Rockdale in 1953 was not temporary but was indefinite in duration and that therefore the amounts are not allowable as travel expense deductions incurred by the taxpayer while away from home. The Commissioner does not question that such expenditures were actually incurred by petitioner in 1953 or that they were reasonable. His contention is that they are not deductible by petitioner as travel expenses under the statutes named by petitioner. On the contrary, the Commissioner contends that the expenditures in question were personal expenses of petitioner and are nondeductible by reason of section 24(a)(1), 1939 Code.

This is essentially the same issue as we had in the recent case of *James M. Eaves*, 33 T.C. 938. We think that under the authority of that case the Commissioner must be sustained as to the $1,657.50 which petitioner expended in 1953 for meals and lodging while working at Rockdale. No traveling expenses between Rockdale and Austin were involved in the *Eaves* case. It is true that in the *Eaves* case sections of the 1954 Internal Revenue Code were involved instead of sections of the 1939 Code, as here. However, the sections of the respective Codes with regard to the type of expenditures involved here are essentially the same. We do not understand that petitioner contends otherwise.

There is another difference in the facts of the instant case from those which were present in the *Eaves* case. In the *Eaves* case the taxpayer, while working at the Alcoa plant in Rockdale, had but one employer, Grimes Electric Company of Austin, Texas, whereas in the instant case petitioner, from May 14, 1952, when he first began working at the Alcoa plant, to June 2, 1954, when his employment there ended, had five different employers. Their names are given in our Findings of Fact. But we do not think that difference in the facts of the two cases makes them distinguishable in principle. The essential fact is that from the time petitioner began his employment at the Alcoa plant in Rockdale, May 14, 1952, to the time it was terminated in June 1954, his employment there was continuous even though he did have several different employers.

Under these circumstances we do not see how we could hold that petitioner's employment at Rockdale was "temporary" as distinguished from "indefinite" as determined by the Commissioner. That is particularly true of the taxable year which we have before us, viz, 1953. In that year petitioner's employment at Rockdale was

continuous as the facts show. There were no interruptions except to change over from one employing contractor to another. We do not think that fact would distinguish the instant case from the *Eaves* case. In the *Eaves* case we made the following finding of fact:

In May 1952, Grimes [the employer of Eaves] commenced work on a contract in connection with the construction of a plant by the Aluminum Company of America (hereinafter referred to as Alcoa) at Rockdale, Texas, approximately 65 miles from Austin. Grimes continued to do electrical work for Alcoa under several contracts until sometime in August 1956. Each contract was separate and independent of the others. Grimes did not know upon obtaining the first contract that it would be successful in obtaining other contracts as they came up in connection with the construction of the Alcoa plant near Rockdale. The various contracts obtained by Grimes in connection with the Alcoa plant from the time it obtained its first contract in 1952 until the last one in 1956 lasted from a few days to about 6 months each.

We think petitioner's situation in the instant case is not essentially different from that of the taxpayer in the *Eaves* case. Therefore, following our decision in the *Eaves* case, we sustain respondent in his disallowance of the $1,657.50 which petitioner expended in 1953 for meals and lodging while working at Rockdale.

In the instant case, as we have already mentioned, there is another amount involved. That amount is $458.64, automobile expenses, incurred by petitioner in going to Austin each week to spend the weekend with his wife. That type of expense was not involved in the *Eaves* case. With reference to this particular item, petitioner states in his brief as follows:

With respect to the automobile expenses of $458.64 incurred by the petitioner in traveling on the week ends between his home at Austin, Texas, and Rockdale, Texas, the Commissioner in similar cases has stated: "An employee who is assigned for several weeks or months to a minor or temporary post of duty, and who returns to his family residence on week ends is allowed to deduct the expenses of the trip only to the extent that he would have incurred expenses for meals and lodging if he had remained at the temporary or minor post." See Revenue Ruling 54-497, 1954-2 CB 75.

Manifestly, the foregoing internal revenue ruling to which petitioner refers is not applicable to the instant case in view of our finding and holding that petitioner's post of duty in 1953 was at Rockdale and that it was not a temporary post of duty which was the type of a post of duty with which the Commissioner was dealing in the revenue ruling to which petitioner refers. That revenue ruling was a very comprehensive one and dealt generally with the subject of traveling expenses. In the course of the ruling it is stated at page 77:

It is fundamental, therefore, that a taxpayer cannot deduct the cost of his meals and lodging while performing his duties at his place of business, even though he maintains his permanent residence elsewhere. Accordingly, it is

now well-settled law that a taxpayer's "home," for purposes of this statute, is located at the place where he conducts his trade or business; unless he is so engaged at two or more separate localities, in which event his "home" is located at his principal or regular post of duty during the taxable year.

We have held that Rockdale was petitioner's post of duty throughout the year 1953 and was not his "minor or temporary post of duty" in that year. Therefore, we hold that petitioner's automobile expenses incurred by him in 1953 in spending the weekends with his wife were personal expenses and are not deductible. See section 24(a)(1), 1939 Code.

*Decision will be entered for the respondent.*