Zigmont J. LeTowt, Jr., and Virginia C. LeTowt v. Commissioner.
Le Towt v. Commissioner
Docket No. 94757.
United States Tax Court
T.C. Memo 1963-118; 1963 Tax Ct. Memo LEXIS 228; 22 T.C.M. (CCH) 547; T.C.M. (RIA) 63118; April 25, 1963
*228 Travel Expenses - Secs. 62(2)(B), 162(a)(2), and 262, I.R.C. 1954. Husband was transferred by his employer to Johnstown, Pennsylvania, from Bethlehem, in 1956. He continued to maintain his family home at Bethlehem making weekend trips back and forth and paying lodging expenses in Johnstown during the week. He had no other business or employment. Held: The expenses of his weekly trips and lodging at his place of employment were personal living expenses and not deductible in 1958 and 1959, the years in issue, as ordinary and necessary business expenses, incurred for travel while away from home in connection with employment or in pursuit of a trade or business. Zigmont J. LeTowt, Jr., pro se, 1838 Jennings St., Bethlehem, Pa. Malin Van Antwerp, Esq., for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: In this proceeding petitioners challenge respondent's determination of deficiencies of $488.01 and $532.72 in income tax for the years 1958 and 1959, respectively. The deficiencies result from respondent's disallowance of claimed deductions for travel and living expenses and for a dependency exemption for 1958 for the elder son of petitioners. Petitioners, by stipulation, waive their claim to a deduction for the dependency exemption claimed for 1958, and so the sole issue remaining for decision is as to the travel and living expense deductions. Findings of Fact Two Stipulations of Fact were filed, and the Court finds all facts set forth in both stipulations accordingly. The petitioners are husband and wife, and have resided since 1939 at 1838 Jennings Street, Bethlehem, Pennsylvania. They filed joint income tax *230 returns for the calendar years 1958 and 1959 with the district director of internal revenue at Scranton, Pennsylvania. Reference hereinafter made to petitioner will refer to Zigmont J. LeTowt, Jr., as it is his claimed deductions of travel and living expenses at issue here, and Virginia C. LeTowt is a co-petitioner only because of her having filed joint returns with her husband. Petitioner is a graduate of Lehigh University at Bethlehem, and has been employed by Bethlehem Steel Company, hereinafter called Steel Company, since 1939. He worked for this employer at Bethlehem until August 6, 1956, when the section to which he was assigned was moved by the Steel Company to Johnstown, Pennsylvania, approximately 245 miles away. Ever since that time petitioner has been regularly employed and working at Johnstown, and at time of trial in January 1963, more than six years later, he was still employed there by Steel Company. Petitioners purchased their home in Bethlehem in 1946, making a down payment of $1,750, and giving a purchase-money mortgage on the property of $5,000. This mortgage was subsequently refinanced, the last time in 1956, to a face amount of $6,500. Petitioners had four *231 children - two sons and two daughters - all of whom were in college in 1958, and three of whom continued their college education in 1959. The elder son, Zigmont J. LeTowt, III, attended Lehigh University at Bethlehem, from September 1951 until June 1954, and the United States Military Academy at West Point from 1954 to June of 1958 when he was graduated and commissioned in the United States Army. Petitioners' daughters attended Moravian College at Bethlehem and lived at home during their college days. The younger son, Jon, entered Middlebury College in Vermont in September of 1958, and at time of trial was still a student there. The children worked to assist in paying for their college education. Because of plans for their children's education, petitioners decided to maintain their home in Bethlehem after the Steel Company transferred petitioner's section to Johnstown. They were established there, owned their home, had loans at the local banks, and concluded that they could only accomplish their plans for educating their children by maintaining this home. Petitioner obtained inexpensive lodgings in Johnstown, visiting his family in Bethlehem weekly through the years. In the calendar *232 years 1958 and 1959 he spent the following amounts for weekly rail and bus transportation between Bethlehem and Johnstown, and for lodging in Johnstown: 1958
1959
Transportation
$1,098.24
$1,550.64
Lodging in Johnstown
520.00
780.00
$1,618.24
$2,330.64
At time of trial, January 7, 1963, petitioner still traveled weekly between his home in Bethlehem and his place of employment at Johnstown. He was not engaged in any other business or employment during the taxable years in question, and his only place of employment was at Johnstown, 245 miles away from Bethlehem. Johnstown was petitioner's principal place of employment in 1958 and 1959, and he was not "away from home" while performing his duties for Steel Company there during those years. The decision to leave his family in Bethlehem and to maintain a home there for them was a personal decision dictated by personal considerations and conclusions, unrelated to petitioner's employment at Johnstown. The expenses incurred by him in 1958 and 1959 for transportation and lodging were personal expenses, not incurred by petitioner in carrying on the business of earning his salary from Steel Company and unrelated *233 to the business of his employer. Opinion The essence of petitioner's argument for deductibility of his travel expenses between Bethlehem and Johnstown, and his living expenses at Johnstown, is that his plans for the education of his four children required him to continue to maintain the family home at Bethlehem after his transfer to Johnstown in 1956. He contends that these plans dictated this course of action and that he did not move his family to Johnstown in 1956 because it was not "feasible nor judicious under the circumstances, - and common sense had to prevail." He also argues that home is where the wife is, Bethlehem, and "away from home" is where the bread-winner has to go to earn his salary, Johnstown. We have no alternative but to reject petitioners' appealing and sympathetic arguments. Even if we were to assume that family educational plans could have been accomplished only by the maintenance of the family home when petitioner's employment was transferred to Johnstown in 1956, which petitioner's evidence has utterly failed to establish, we must hold for respondent. In Commissioner v. Flowers, 326 U.S. 465 (1946), the Supreme Court laid down the following *234 three conditions for allowing deductibility of traveling expense deductions: Three conditions must thus be satisfied before a traveling expense deduction may be made under § 23(a)(1)(A): (1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. As the Court in that opinion stated, all three conditions must be met, and whether or not "away from home" means away from the place where a taxpayer earns his income or away from the place he lives, the third condition must also be met. Here, as we have found, there was no relationship between petitioner's expenditures and his earning of his salary or the business of Bethlehem Steel Company. The *235 expenses were personal living and traveling expenses of petitioner, incurred because of his personal family plans. As excellent and as laudable as those plans may be, they do not create deductibility for tax purposes. Petitioner's evidence and arguments all tend to establish the clearly personal nature of the expenses in question. Personal living and family expenses are nondeductible under section 262 of the Internal Revenue Code of 1954. In Carragan v. Commissioner, 197 F. 2d 246 (C.A. 2, 1952), affirming a Memorandum Opinion of this Court, the Court said of a taxpayer, resident in New York, who sought to deduct living expenses in Philadelphia where he worked during the week: Petitioner is fifteen years too late with his argument that living expenses in Philadelphia, his place of business, are deductible as "traveling expenses * * * while away from home in the pursuit of a trade or business." * * * A nation of city-hoppers and suburbanites though we may be, the Supreme Court has steadfastly refused to say that traveling expenses are incurred in the pursuit of business when they stem from the petitioner's refusal to bring his home close to his *236 job. The job, not the taxpayer's pattern of living, must require the travel. Other courts have consistently denied the deduction in similar factual situations. Martin v. Commissioner, 295 F. 2d 38 (C.A. 3, 1961), affirming per curiam a Memorandum Opinion of this Court; O'Toole v. Commissioner, 243 F. 2d 302 (C.A. 2, 1957), affirming per curiam a Memorandum Opinion of this Court; Hammond v. Commissioner, 213 F. 2d 43 (C.A. 5, 1954), affirming 20 T.C. 285; York v. Commissioner, 160 F. 2d 385 (C.A.D.C., 1947); Robert A. Coerver, 36 T.C. 252 (1961) affd. per curiam, 297 F. 2d 837 (C.A. 3, 1962); Henry C. Warren, 13 T.C. 205 (1949); Robert F. Greep, 12 T.C. 656 (1949). [1]
This is so even when the employee maintains his established home and incurs traveling expenses at another place while working on a specific job for an indefinite time; Leo C. Cockrell, 38 T.C. 470 (1962); *237 Ray A. Smith, 33 T.C. 1059 (1960); James M. Eaves, 33 T.C. 938 (1960); or when he is unable to move his family to the place of employment because he cannot find a home there; York v. Commissioner, supra; Henry C. Warren, supra; Williard S. Jones, 13 T.C. 880 (1949); or is prevented from moving his family because his job requires him to go to an overseas location; James R. Whitaker, 24 T.C. 750 (1955); Michael J. Carroll, 20 T.C. 382 (1953). We have examined all of the authorities relied upon by petitioners and find them clearly distinguishable, and in most cases not at all in point. The amounts petitioner seeks to deduct represent the cost of lodging while he was in Johnstown, his only and permanent place of employment, and the cost of transportation on weekends to and from the residence of his family in Bethlehem. They had no relation to or connection with the business of Bethlehem Steel Company, petitioner's employer, nor with his own business of earning his salary from that company. The job certainly did not require or justify the expenses but rather they were incurred because of petitioner's *238 "pattern of living," - his decision that to educate his children he had to maintain his family home at Bethlehem after his employment was shifted to Johnstown. We hold that the respondent was required under the law to disallow the deductions claimed by petitioners as traveling expenses in 1958 and 1959, and that he was correct in so doing. They were personal, living or family, expenses made specifically nondeductible by section 262 of the Internal Revenue Code of 1954. Decision will be entered for the respondent. Footnotes
1. The provisions of sec. 23(a)(1)(A) of the 1939 Code and of sec. 162(a) of the 1954 Code are identical and have been construed by the courts to require the same conditions in determining deductibility of travel expenses.↩