Frank C. Sohaiby v. Commissioner.
Sohaiby v. Commissioner
Docket No. 5334-64.
United States Tax Court
T.C. Memo 1965-287; 1965 Tax Ct. Memo LEXIS 41; 24 T.C.M. (CCH) 1600; T.C.M. (RIA) 65287; October 29, 1965
*41 Sec. 162(a)(2), 1954 Code, "away from home" expenses: Petitioner, a design engineer, was employed in Cleveland and vicinity, beginning in November 1960 for 20 months until July 31, 1962. His work, as such, did not involve traveling. His family residence was in Youngstown, Ohio. Held, petitioner's principal place of employment from November 1960 to the end of July 1962 was in Cleveland and its area, for an indefinite period of time, and the expenses incurred there for meals, lodging, and automobile mileage during 1962 are not deductible as "away from home" traveling expenses under sections 162(a)(2) and 62(2)(B), but were nondeductible personal expenses under section 262, 1954 Code. Frank C. Sohaiby, pro se, 160 Halleck St., Youngstown, Ohio. Donald H. Richards, for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for the year 1962 in the amount of $548.43. Petitioner deducted $2,636 as expenses of traveling away from home in the pursuit of his business. Respondent disallowed all of the deductions. The question is whether during 1962 petitioner traveled "away from home in the pursuit of a trade or *42 business" within the meaning of that phrase as it is used in section 162(a)(2), 1954 Code. Findings of Fact Petitioner filed his return for 1962 with the district director of internal revenue at Cleveland, Ohio. The deductions in dispute are for expenses which petitioner claims were incurred and paid during the first 7 months of 1962, from January 1 to July 31. During this period, petitioner worked in Cleveland, Ohio. He claims that the alleged expenses were incurred and paid while he was temporarily "away from home," namely, away from Youngstown, Ohio. Petitioner is an unmarried person. He describes his occupation as "design engineer." He does not have a degree in engineering, but has taken courses in mechanical, structural, and electrical engineering. During a period of about 20 1/2 months, beginning November 1, 1960, through July 31, 1962, excluding about 21 days in 1961 when petitioner apparently was unemployed, petitioner continuously did his work in Cleveland and the Cleveland area. During this period of 20 1/2 months, petitioner was employed by 3 different employers, Renner, Inc., Z & W Manufacturing Corporation, and Inter-Design Company, all of which are engaged in the business *43 of rendering engineering services to clients. Renner and Inter-Design, each, had the same client, with offices in Terminal Tower in downtown Cleveland, the Standard Oil Company, and both Renner and Inter-Design were rendering services to Standard Oil on the same and continuous project, that of converting the power used in operating pumping stations, along a crude oil pipeline, from electric to Diesel power. Renner and Inter-Design, respectively, assigned petitioner to work on the project at or near the offices of Standard Oil in the Terminal Tower. In 1962, and before that year, petitioner did his work and assignments, at or near the Terminal Tower offices. Renner has its offices in Philadelphia, but petitioner did not do his work in Philadelphia at any time during the period November 1, 1960, to July 31, 1962, while he was employed by Renner. Petitioner, in 1962, was unemployed from August 1 until December, when he obtained a job with Herr Equipment Company in Warren, Ohio, where he worked during December 1962 and January 1963. The issue in this case does not relate to his work in Warren, Ohio. The following schedule shows by calendar years 1960, 1961, and 1962, the periods of petitioner's *44 jobs and work in Cleveland and the Cleveland area, and the names of his respective employers, from November 1, 1960, through July 31, 1962: Approximate
Periods
Months
of Work
and Days
Employers
1960
11/ 1/60-12/31/60
2 months
Renner, Inc.
1961
1/ 1/61- 1/13/61
13 days
Renner, Inc.
1/30/61-11/27/61
10 months
Z & W Mfg.
Corp.
12/ 3/61-12/31/61
1 month
Renner, Inc.
1962
1/ 1/62- 5/ 1/62 *
4 months
Renner, Inc.
5/ 1/62- 7/31/62 *
3 months
Inter-Design
Co.
20 months,
13 days During the period November 1, 1960, through July 31, 1962, petitioner was apparently unemployed for about 16 days in January 1961, and about 5 days in November and December 1961. He worked in Cleveland, as shown above, for 20 months and 13 days from November 1, 1960, through July 31, 1962, close to 2 years; and he worked in Cleveland prior to 1962 for about 1 year and 2 months (excluding about 21 days in 1961, when he apparently was unemployed). Petitioner's employment by Z & W Manufacturing Corporation in Cleveland from January 30 to November 27, 1961, was considered by both Z & W and petitioner to be permanent prior to the termination thereof. From January 19, 1962, until June 2, 1962, petitioner rented a room at the *45 Plaza Motel, 29152 Euclid Avenue, in Wickliffe, Ohio, an area or suburb in the east side of Cleveland. Z & W Manufacturing is located in Wickliffe, and petitioner had been employed by Z & W during 1961 until November 27, 1961. Petitioner paid a rental for the room to the Plaza Motel at the rate of $16 per week. He paid Plaza Motel $314 during the above-stated period. From about June 2, 1962, until about July 31, 1962, petitioner rented an apartment at 3562 Ingleside Road in Shaker Heights, Ohio, a suburb east of Cleveland. He did not pay rent for this apartment in excess of the rate of $85 per month. The distance from Wickliffe to the location of petitioner's work in downtown Cleveland while he was employed by Renner and Inter-Design, during the period December 3, 1961, to July 31, 1962, is about 27 miles. The residence of petitioner's father was located in Youngstown, Ohio, at 212 South Pearl Street until it was destroyed by fire in October 1962, and during 1962, until the fire, petitioner lived at his father's residence when he was unemployed or not employed somewhere outside the Youngstown area. Since October 1962, petitioner's residence has been at 160 Halleck Street, in Youngstown. *46 The distance by road from Youngstown to Warren, Ohio, is 14 miles. While petitioner worked for Herr Equipment Company in Warren (December 1962 to February 1963), he commuted between Youngstown and Warren. The distance by road from Youngstown to Cleveland is 66 miles. Petitioner did not file a City of Youngstown income tax return for the years 1961, 1962, and 1963. Section 3 A.1. of the City of Youngstown Income Tax Ordinance, No. 65905, levies an income tax of 1 percent on all wages, salaries, commissions, and other compensation earned during the year by a resident of Youngstown. Although petitioner did not file a Youngstown income tax return for 1962, Herr Equipment Company in Warren withheld $4.87 from petitioner's wages for December 1962 as the income tax of Youngstown; and on his 1962 Federal income tax return, petitioner deducted $4.87 as "city taxes." During 1962, petitioner was registered for voting purposes in Youngstown, and he voted. The statutory notice of deficiency for the taxable year 1962, dated August 5, 1964, was sent to petitioner by the district director of internal revenue in Cleveland. On his Federal income tax return for 1962, petitioner took deductions for alleged *47 automobile, meals, and lodging expenses in the total amount of $1,836, which he claimed on his return were related to his work in Cleveland as an employee of Renner, Inc., as follows: auto expense, 2,700 miles at 8 cents per mile, $216; meals and lodging, 108 days at $13 [$15] per day, $1,620 ($1,620 for 108 days represents expenses of $15 per day); total $1,836. Petitioner's earnings from Renner in 1962 were $2,464.76; and the alleged travel expenses of $1,836 represent 74.4 percent of that income. On his 1962 return, petitioner also deducted as travel expenses $800 for alleged automobile, meals, and lodging expenses, without breaking down that sum among such alleged expenses. Petitioner claimed on his return that such expenses were related to his work in Cleveland as an employee of Inter-Design Company during the period of about May 1 to July 31, 1962. He reported earnings of $1,226 from Inter-Design, and the alleged expenses of $800 represent 65.2 percent of that income. The total sum of the deductions taken on petitioner's return is $2,636. Respondent disallowed all of the above deductions because "the expenses do not qualify as deductible trade or business expenses while away *48 from home within the meaning of sections 62(2)(B) and 162(a)(2)" of the 1954 Code, and because petitioner failed to substantiate the amounts claimed as deductions. Ultimate Findings 1. In 1962, Cleveland was not a temporary, secondary or minor place of petitioner's work. Beginning January 30, 1961, he obtained with Z & W Manufacturing Corporation a position which was regarded as regular and permanent work until the termination thereof close to the end of November 1961, and he thereafter continued working in Cleveland continuously on the Standard Oil project for 8 months, with the exception of several days. Petitioner's work in Cleveland was practically continuous for 20 1/2 months, including the period January through July 1962. He did not have a principal place of employment in any other city from November 1, 1960, to July 31, 1962. The Cleveland area was petitioner's principal place of employment for a substantial and indefinite period from November 1, 1960, through July 1962. His expenses in 1962 totalling $2,636 for lodging and meals in Cleveland, and the expenses of driving his automobile between Youngstown and Cleveland during weekends and driving in Cleveland, were not business *49 expenses of traveling "while away from home in the pursuit of a trade or business" within the meaning of section 162(a)(2), 1954 Code. Youngstown was not the place of petitioner's principal employment for 20 1/2 months, including 1962, and was not his "home" for the purposes of any business traveling expense deduction in 1962 within the meaning of sections 62(2)(B) and 162(a)(2) of the Code. None of the alleged expenses for which deductions are claimed were incurred and paid by petitioner in connection with the performance by him of services as an employee. All of the alleged expenses of $2,636 were nondeductible personal and living expenses under section 262 of the Code. 2. Petitioner has not substantiated or proved that he incurred and paid expenses in the amounts for which he claimed deductions. Opinion In the first instance, personal and living expenses are made nondeductible by section 262 of the Internal Revenue Code of 1954. Petitioner claimed deductions of $1,620 for lodging and meals in Cleveland, plus automobile mileage expense of $216, plus $800 of unitemized lodging, meals, and automobile expenses, a sum of $2,636. Deductions for Federal income tax purposes are a matter *50 of specific allowance under some particular statutory provision, and petitioner had the burden of proving that the claimed deductions could be deducted under a provision of the applicable Internal Revenue Code, as well as the burden of proving that the expenses were not his personal and living expenses for which no deduction is allowable. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440; Welch v. Helvering, 290 U.S. 111. Petitioner claimed the deductions as ordinary and necessary business expenses of traveling in the pursuit of his trade or business under section 162(a)(2), which provides that deductions are allowable, as ordinary and necessary business expenses, for "traveling expenses (including the entire amount expended for meals and lodging * * *) while away from home in the pursuit of a trade or business." He has failed to correctly understand the meaning of "home" in sections 162(a)(2) and 62(2)(B) as it has been construed in a large number of cases by this Court and other courts since at least the decision of the Supreme Court of the United States in 1946 in Commissioner v. Flowers, 326 U.S. 465. As used in the statute, the term "home" means the taxpayer's principal *51 place of employment, not the place where his family and personal residence is located, if he has such residence in a different place than the principal place of his employment. In this case, petitioner's personal or family home is in Youngstown, Ohio, but it was not the place of his principal employment from November 1, 1960, to the end of July 1962. Petitioner's misconception of the meaning of the statutory term "home", for tax purposes, is shared by other taxpayers, if some measure of comfort can be derived from knowing that he is not the first to find that his understanding is incorrect. It is correct that if a taxpayer has a principal or regular post of duty and place of work in one locality and accepts temporary work at another place, his presence at the second, temporary place of employment is regarded as "away from home", that is, away from the first locality where he has his principal and regular place of employment and work, and a deduction is allowable for meals and lodging expenses at the temporary place of employment. Harry F. Schurer, 3 T.C. 544; Wright v. Hartsell, 305 F. 2d 221, affirming 182 F. Supp. 725. But petitioner's employment in Cleveland in 1962 does not *52 come within the so-called exception to the general rule because he has not shown that Youngstown was the place where his regular post of duty and principal employment was and that Cleveland was, with respect to some other place of principal employment, only a "temporary" place of work. Many taxpayers do not have "permanent" jobs, in the sense that there is an assurance and understanding that the duration of a job in a locality will be for several years. Many taxpayers, for various reasons, go from job to job. It is well established now under the decisions of this Court and other courts, that the distinction which is important is whether the taxpayer's employment in a particular city or locality is for an "indefinite" length of time rather than for a "temporary" period, that is, for a short period. The distinction involves a question of fact in each case. "Temporary" employment in a locality may become one that is "indefinite", the length of time during which the taxpayer works in one locality being of prime importance. Leo M. Verner, 39 T.C. 749, 754; Floyd Garlock, 34 T.C. 611, 616; Arnold P. Bark, 6 T.C. 851, 855; Arthur Sansone, 41 T.C. 277, 288. Furthermore, in order to be *53 deductible as business travel expenses, the costs of lodgings, meals, and transportation must be necessary traveling expense, as that term is generally understood, which are required by "the exigencies of business"; the expenses must have a direct connection with the carrying on of the trade or business of the taxpayer or his employer; and they must be necessary and appropriate to the pursuit of the trade or business. Commissioner v. Flowers, supra, 470; Peurifoy v. Commissioner, 358 U.S. 59. Petitioner began working in Cleveland and the area of that city on November 1, 1960, for Renner. The record does not show what the understanding was with respect to the length of that job and it may have been temporary. But on January 30, 1961, petitioner took another job, with Z & W, on the east side of Cleveland in Wickliffe, which is 17 miles from the downtown part of Cleveland, and it has been stipulated that both Z and W and petitioner regarded this employment as "permanent". Petitioner worked for Z & W for close to 10 months, until the employment was terminated on November 27, 1961. Petitioner is a design engineer and his work involves draftsmanship. It does not appear from the record *54 in this case, that traveling was required by the exigencies of his employment for any employer during the period of 20 1/2 months which is material here. When the job with Z & W ended, petitioner continued to work in Cleveland, resuming employment with Renner and then becoming employed by Inter-Design, and from December 3, 1961 to July 31, 1962, he worked on one project of Standard Oil, which was a client of both Renner and Inter-Design. It is clear that for 20 1/2 months, including 7 months in 1962, petitioner's principal and only place of employment was in Cleveland and the area of that city, and that his employment in that area by 1962 had become employment for an indefinite period of time. It may be that when he first worked in Cleveland in 1960, his first job was "temporary", but it is clear that by 1962, his employment in the Cleveland area had become "indefinite" and was no longer "temporary". His general employment in Cleveland may have lacked real permanence (and apparently it did), but it has been held in similar cases that "the mere absence of permanence does not necessarily imply that degree of temporariness which would allow deductibility" of expenses for lodgings, meals, *55 and automobile, as traveling expenses under sections 162(a)(2) and 62(2)(B). See Floyd Garlock, supra, p. 616. The substantial and actual duration of petitioner's employment in Cleveland and the Cleveland area indicates its indefiniteness, and that Cleveland became the place of principal employment for petitioner. Petitioner's case resembles the Garlock case where the taxpayer in 1952 and 1953 worked in the aree of Passaic, New Jersey, at 3 different construction project sites, for 1 month, 6 months, and 9 months at each project site. Carlock's family residence was in Mohawk, New York, about 215 miles by automobile from the Passaic area. Garlock rented rooms in private homes and roominghouses and had his meals in restaurants in the area of each job site. He claimed as deductible traveling expenses, the cost of his lodgings and meals during 1952 and 1953 while he worked at the New Jersey construction sites. This Court held that in the taxable years, Garlock's "principal place of employment was the area around Passiac, New Jersey, for an indefinite period of time", and therefore his expenses for meals and lodging were not deductible as "away from home" traveling expenses. The facts *56 in this case closely resemble the facts in Garlock and the same reasoning applies here. The facts here also are like those in Commissioner v. Peurifoy, 254 F. 2d 483 (C.A. 2), affirmed 358 U.S. 59, supra. Peurifoy, a pipe welder who was employed by several different employers on construction projects, worked for 20 1/2 months in one locality, Kinston, North Carolina. His family residence was over 100 miles away from the locality of his job and he boarded at a boarding house 1 mile away from his job location. The court held that his employment at Kinston was not temporary, but was for a substantial length of time and of indefinite duration, and therefore his travel and maintenance expenses at the place of his post of duty (and principal place of employment) were not deductible as ordinary and necessary expenses for traveling away from home in the pursuit of his trade under the rule of Commissioner v. Flowers, supra.See Ford v. Commissioner, 227 F. 2d 297, affirming a Memorandum Opinion of this Court; James M. Eaves, 33 T.C. 938; Ray A. Smith, 33 T.C. 1059. It is held that during 1962, petitioner's principal place of employment was in Cleveland and the Cleveland area, for a substantial, *57 indefinite, and indeterminate period of time, and the expenses incurred during the months January through July 1962 for meals, lodging and automobile mileage are not deductible as "away from home" traveling expenses. Decision will be entered for the respondent. Footnotes
*. Approximately May 1, 1962.↩