LAWRENCE W. AND MICHAEL A. NORWOOD, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1058-75.    Filed June 15, 1976.

Lawrence W. Norwood and Michael A. Norwood, pro se.
*Steven J. Mopsick,* for the respondent.

TANNENWALD, *Judge:* Respondent determined deficiencies of $694.50 and $302 in petitioners' Federal income taxes for the years 1972 and 1973, respectively. The only issue for decision is whether petitioners are entitled to deduct costs incurred by petitioner Lawrence W. Norwood in traveling between his residence and his place of employment each working day.

### FINDINGS OF FACT

Some of the facts are stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioners are husband and wife. They resided in Adelphi, Md., at the time their petition was filed. Michael A. Norwood is a petitioner only because she filed a joint return with her husband, who will be referred to as petitioner herein.

Petitioner is a steamfitter by trade and has been a member of a steamfitters' local union in Washington, D.C., since 1964. In October 1971, because of a shortage of work in the immediate Washington area, he was sent by his union to work for the Bechtel Corp. on the construction of the Calvert Cliffs Atomic Energy Plant at Lusby, Md. Petitioner was employed continuously at the Lusby site until December 1974, when he sustained an injury and stopped working for Bechtel. From October 1971 to March 1972, he worked at his original assignment as a steamfitter, installing piping in the project's auxiliary building. At the time he took this job, he understood that it would last about 6 months. In March 1972, petitioner was asked by Bechtel to take a job as foreman for the next construction phase, rather than being laid off with the rest of his crew. He anticipated that his assignment as foreman would last about 9 months. It continued until March 1973, when he was reassigned by his local union to be an instrument fitter on the project. Petitioner worked as an instrument fitter until September 1973, then was reassigned to work as a welder until January 1974. From January to December 1974, he worked as the union's shop steward at Lusby; he expected that position to last for a substantial period of time. Petitioner had never previously received successive assignments in different specialties on the same project, although he had been promoted to foreman on a project before.

Petitioner maintained his family home in Adelphi, Md., throughout the time he worked for Bechtel. Each day he reported for work, he drove his own car to the worksite and returned home each night. There was no convenient public transportation from his home to the jobsite. He did not report to the union hiring hall in Washington before reporting to work.

Petitioner received a travel allowance of $5 per day from Bechtel, which was included in his gross income. All members of his union received the same allowance, regardless of the distance they traveled to work. Petitioner worked 230 days in 1972 and 254 days in 1973. He deducted automobile expenses in each year, the amount of which is not in dispute.

OPINION

We are again faced with the troublesome question of how to deal with travel expenses (not involving an overnight stay) which partake of the character of commuting expenses. See *William B. Turner,* 56 T.C. 27 (1971), vacated and remanded *on respondent's motion* by an unpublished order (2d Cir., Mar. 21, 1972). Respondent has chosen, however, to frame the issue before us in classical terms, namely, whether petitioner's employment in Lusby was "temporary" or "indefinite." *Peurifoy v. Commissioner,* 358 U.S. 59 (1958), affg. per curiam 254 F.2d 483 (4th Cir. 1957); see Rev. Rul. 55-109, 1955-1 C.B. 261; Rev. Rul. 54-497, 1954-2 C.B. 75; Rev. Rul. 190, 1953-2 C.B. 303; Pub. 17, "Your Federal Income Tax," p.73 (1976 ed.); Pub. 463, "Travel, Entertainment, and Gift Expenses," p.6 (1976 ed.); 3 C.C.H. Internal Revenue Manual 8409-3 (1975). As we view respondent's position in this case, he concedes that to the extent that we determine petitioner's employment at Lusby was temporary, Washington, D.C., was petitioner's principal place of employment and the expenses in question are deductible as ordinary and necessary business expenses under section 162(a).[1] See *Arthur Sansone,* 41 T.C. 277 (1963). Compare *Hess v. United States,* 329 F. Supp. 1353 (D. Kan. 1971). Under the foregoing circumstances, our decision in *Turner* simply has no bearing herein. Compare also *Berhow v. United States,* 279 F. Supp. 737 (D. Neb. 1968); Rev. Rul. 190, 1953-2 C.B. 303.

Where employment is temporary, some otherwise personal expenses connected with such employment may be considered to arise from the exigencies of business and not from the taxpayer's personal choice to live at a distance from his work. *Peurifoy v. Commissioner, supra; Leo M. Verner,* 39 T.C. 749 (1963). Employment is considered temporary if it "can be expected to last for only a short period of time." *Truman C. Tucker,* 55 T.C. 783, 786 (1971). Even if it is known that a particular job may or will terminate at some future date, that job is not temporary if it is expected to last for a substantial or indefinite period of time. *Ford v. Commissioner,* 227 F.2d 297 (4th Cir. 1955), affg. T.C. Memo. 1954-209; *Lloyd G. Jones,* 54 T.C. 734 (1970), affd. 444 F.2d 508 (5th Cir. 1971); *Leo C. Cockrell,* 38 T.C. 470 (1962),

---

[1] All references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.

affd. 321 F.2d 504 (8th Cir. 1963). Employment which is originally temporary may become indefinite due to changed circumstances, or simply by the passage of time. *Ronald D. Kroll,* 49 T.C. 557, 562 (1968); *Floyd Garlock,* 34 T.C. 611, 615 (1960).[2] No single element is determinative of the ultimate factual issue of temporariness, and there are no rules of thumb, durational or otherwise. Each case turns on its own facts. *Peurifoy v. Commissioner,* 358 U.S. at 60-61.

In this case, petitioner had been working out of a Washington, D.C., local for several years when a shortage of work caused him to accept a referral to Lusby. Initially, he expected this assignment to last about 6 months; in fact, it lasted 5. There was no reason in his experience to expect that this first job would result in his receiving further employment on the same project. Contrast *Edward F. Blatnick,* 56 T.C. 1344 (1971); *Ronald D. Kroll, supra; Leo C. Cockrell, supra.* His employment at Lusby was, therefore, "temporary in contemplation at the time of its acceptance." *Commissioner v. Peurifoy,* 254 F.2d 483, 486 (4th Cir. 1957). This temporary quality persisted while he remained on his initial assignment. In March 1972, however, his situation changed significantly. Rather than being laid off as expected, with the rest of his crew, petitioner was asked to remain as foreman for another job. At that time, he must have realized that Bechtel valued his services and was willing to have him continue in its employ. After accepting the foreman's job, petitioner knew that he would continue working for Bechtel through the anticipated 9-month duration of that particular assignment, and, we believe, could reasonably have expected to be rehired for further jobs on the same project—a project which he knew was a large one and would take a substantial amount of time to complete. The fact that petitioner thought that each particular assignment would be of short duration does not belie this conclusion; such subjective evidence, standing against the objective facts revealed by the record herein, is insufficient to carry petitioner's burden of proof. Cf. *Truman C. Tucker, supra; Kenneth H. Hicks,* 47 T.C. 71, 73 (1966).[3]

In fact, petitioner spent a total of more than 3 years continuously working on the Lusby site. There was every reason to believe he could have worked even longer if he had not been

---

[2] See *Clifton R. Barkley,* T.C. Memo. 1976-159.

[3] Cf. also *William J. English,* T.C. Memo. 1966-256.

injured. This substantial actual duration is an additional persuasive reason for concluding that petitioner's employment with Bechtel was "indeterminate in fact as it develop[ed]," *Commissioner v. Peurifoy,* 254 F.2d at 486; *Josette J.F. Verrier Friedman,* 37 T.C. 539, 558 (1961), without regard to the fact that it consisted of a series of shorter assignments. *Ray A. Smith,* 33 T.C. 1059, 1062 (1960); *James M. Eaves,* 33 T.C. 938, 942 (1960).

In the circumstances of this case, petitioner is entitled to deduct the expense of traveling to and from Lusby incurred up to March 1972, when his first job ended, and not thereafter. Cf. *Leo M. Verner, supra.*

*Decision will be entered under Rule 155.*