EVERETT A. BESCHONER and MARY A. BESCHONER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beschoner v. Commissioner
Docket No. 9664-75.
United States Tax Court
T.C. Memo 1977-349; 1977 Tax Ct. Memo LEXIS 97; 36 T.C.M. (CCH) 1399; T.C.M. (RIA) 770349; September 29, 1977, Filed Everett A. Beschoner, pro se. Joseph Falcone, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $1,104.43 in petitioners' Federal income tax for 1972. Due to concessions, the issues remaining for decision are as follows: (1) Whether certain per diem amounts received by petitioner, Everett A. Beschoner, as a travel allowance are includible in his gross income; and (2) Whether petitioners are entitled to deduct the round trip expenses incurred by said petitioner each working day in traveling between his residence and the job site to which he was assigned. FINDINGS *98 OF FACT Some facts have been stipulated and are so found. Petitioners, Everett A. Beschoner and Mary A. Beschoner, are husband and wife, and resided in Mt. Clemens, Michigan, during the year in issue and at the time of filing their petition herein. Petitioners timely filed a joint Federal income tax return for 1972 with the appropriate office of the Internal Revenue Service. Mary A. Beschoner is a party solely by virtue of having filed a joint return for 1972 with her husband, Everett, and he will be referred to hereinafter as petitioner. Petitioner has been a millwright engaged in the construction industry for over 20 years and was a member of a local millwright's union in Detroit, Michigan, at all times relevant herein. Due to the nature of his profession and the construction business in general, petitioner did not have a permanent employer. Rather, petitioner obtained employment with various companies through his local union. In October 1969 petitioner was so employed by a contractor to work as a millwright on the construction of one of the largest coal-fired power plants in the world at Monroe, Michigan. During the construction of the power plant, there were approximately *99 100 millwrights working on the project, although petitioner's employer only employed three of this number, including petitioner. The facility was constructed in four units. Each unit took approximately one year to complete. While petitioner was never told how long his employment would last, he continued to work there until March 1974. During 1972, petitioner drove his own automobile to the construction site of the power plant in Monroe and returned home each night; a round trip distance of 160 miles. Pursuant to a contract between the union and petitioner's employer, petitioner received $3.50 per workday as a reimbursement for his traveling expenses to and from the job site in Monroe. The total amount thus received by petitioner during 1972 was $885.50. [1]
On his 1972 Federal income tax return, petitioner claimed that he traveled 40,000 business miles and deducted $3,340 as a transportation expense. [2]
*100 In a statutory notice of deficiency, respondent disallowed the claimed deduction and increased petitioner's income by the amount of the reimbursement for such expenses received by petitioner. OPINION Respondent is, of course, correct in his assertion that the per diem payments received by petitioner as reimbursement for his automobile expenses in commuting to and from his place of employment are includible in his gross income under section 61. [3]Cockrell v. Commissioner, 38 T.C. 470 (1962), affd. 321 F.2d 504 (8th Cir. 1963); see Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). Nor does petitioner seriously dispute this point. There remains, however, the primary question of whether petitioner is entitled to deduct as an ordinary and necessary business expense the transportation expenses he incurred each working day in traveling to and from his place of employment. Respondent has framed the issue before us very narrowly, and we will confine our opinion to that issue. See Norwood v. Commissioner, 66 T.C. 467 (1976). *101 Respondent maintains that petitioner's employment in Monroe was "indefinite" in nature rather than "temporary." Therefore, concludes respondent, such expenses represent nondeductible personal expenses under section 262. [4] We agree. It is well established that if the duration of employment cannot be predicted to be a fixed or reasonably short period of time, the employment is indefinite. Norwood v. Commissioner, supra; Stricker v. Commissioner, 54 T.C. 355 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). Moreover, employment which is originally temporary may become indefinite due to changed circumstances or simply the passage of time. Garlock v. Commissioner, 34 T.C. 611 (1960). Each case, however, rests upon its own facts. Peurifoy v. Commissioner, 358 U.S. 59 (1958). Based on the meager record before us, we believe and hold that by 1972, the year in issue, petitioner's *102 employment was not only indefinite but substantial. By 1972, petitioner had been employed by the same employer for approximately two years and three months. At this point, petitioner should have realized that his employer was satisfied with his performance and that his employment would continue until the duration of the lengthy project. [5] He was in fact so employed until March 1974, a total period of approximately four and one-half years. The size of the project and the length of petitioner's actual employment are factors to be considered. See Norwood v. Commissioner, supra.The fact that petitioner had no guarantee with respect to the duration of his employment does not vitiate such factors. See Ham v. United States, 408 F.2d 671 (6th Cir. 1969). Accordingly, petitioner may not deduct the expenses incurred in traveling to and from the job site. Decision will be entered under Rule 155. Footnotes
1. This allowance was based on the distance between the job site and City Hall in Detroit. The allowance was paid to all members of the local millwrights union in Detroit regardless of actual miles traveled.↩
2. The parties have agreed that the correct claim for 40,000 miles is $4,050.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
4. Respondent has indicated that he will consider such expenses to be nondeductible commuting expenses if paid or incurred after July 1, 1977. Rev. Rul. 76-453, 1976-2 C.B. 86; Announcement 77-23↩, I.R.B. 1977-7, 31.
5. While the record is unclear as to the timing of contracts between petitioner's employer and the owners of the power plant, this factor must weigh against petitioner.↩