DONALD HARRISON and HAZEL HARRISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 7203-76.
United States Tax Court
T.C. Memo 1978-241; 1978 Tax Ct. Memo LEXIS 270; 37 T.C.M. (CCH) 1041; T.C.M. (RIA) 78241; June 29, 1978, Filed *270 Held: Petitioner's employment as an ironworker in the construction of a power plant at Cheshire, Ohio, was not temporary in 1973. Petitioner's daily transportation expenses incurred in traveling between his residence in Kenova, W. Va., and the jobsite in Ohio are not deductible. Leon K. Oxley, for the petitioners. Joel v. Williamson, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's 1973 income tax of $ 378.32. The only issue for our decision is whether under section 162(a), I.R.C. 1954, [1] petitioners are entitled to deduct automobile expenses incurred by petitioner Donald Harrison in traveling between his residence and his place *271 of employment each working day. [2]
FINDINGS OF FACT Donald Harrison and Hazel Harrison, husband and wife, resided in Kenova, W. Va., when their petition was filed in this case. Hazel Harrison is a petitioner only because the couple filed a joint return for calendar year 1973 (at the Internal Revenue Service Center, Memphis, Tenn.), and references herein to petitioner are to Donald Harrison alone. Petitioner is an ironworker and a member of both the Building and Trade Council American Federation of Labor and Ironworkers' Local No. 769, Ashland, Ky. Petitioner obtained employment through his union local. The average duration of his jobs was 1-4 months. On October 28, 1971, petitioner began work on the General Gavin Electric Power Plant (hereinafter *272 Gavin Power Plant) in Cheshire, Ohio. His employer was Bristol Steel and Ironworks, Inc., of Bristol, Va., a subcontractor with respect to construction of the Gavin Power Plant. This employment was obtained through petitioner's union local (Local No. 769). The duration of petitioner's employment at the Gavin Power Plant was indefinite in that it was not for a fixed period of time. Construction of the Gavin Power Plant was initiated in the spring of 1971. This construction called for the installation of two major generators that would be used to produce electricity. At the initiation of construction, it was projected the first generator would be operational by October 20, 1974. The second generator unit was projected to be operational by July 6, 1975.Both generator units were made operational by the projected dates. The Gavin Power Plant was operational after the installation and completion of its first generator unit on October 20, 1974. The Gavin Power Plant became fully operational after the installation and completion of construction on its second generator unit, which was accomplished on July 6, 1975. The Gavin Power Plant is owned by Ohio Electric, a subsidiary of Ohio *273 Power Company, which in turn is a subsidiary of American Electric Power Company. The Gavin Power Plant produces electrical power for a 7-State area in the mid-West. Petitioner was continuously employed by Bristol Steel and Ironworks, Inc., at the Gavin Power Plant for approximately 19 months from October 28, 1971, through June 10, 1973.Petitioner's job at the Gavin Power Plant project was to erect steel, place generators, and put in sheet metal. Petitioner's employer still had some construction to complete after June 10, 1973, but petitioner was laid off because work was getting short. Petitioner was aware when he accepted employment with Bristol Steel and Ironworks at the Gavin Power Plant that construction of the plant would require several years. When he obtained the job at the Gavin Power Plant petitioner did not change his residence to the jobsite. Petitioner traveled by automobile daily to his place of employment at the Gavin Power Plant, Cheshire, Ohio, from his Kenova, W. Va., residence during the period October 28, 1971, through June 10, 1973. Petitioner returned to his Kenova, W. Va., residence after the completion of each day's work at the Gavin Power Plant. *274 Petitioner's travel from his Kenova, W. Va., residence to Cheshire, Ohio, and return involved travel of 60 miles one way and 120 miles round trip. Petitioner was not reimbursed for expenses incurred in traveling to and from the jobsite. Subsequent to June 10, 1973, petitioner was employed at a jobsite in Ashland, Ky., for about 3 months and then at five other jobs in Kentucky, Ohio, and West Virginia for the remainder of the year. On petitioners' 1973 income tax return, petitioner claimed an employee business expense of $ 1,587.60 for his daily travel from his Kenova, W. Va., residence to the Gavin Power Plant jobsite at Cheshire, Ohio, and for his return trip to his residence. These expenses were incurred for transportation alone. In the notice of deficiency respondent disallowed the deduction of these expenses on the ground it had not been established that the expenses claimed were ordinary and necessary business expenses or were expended for the purpose designated. [3] The parties are now in agreement, however, that substantiation of the expenses is not in issue. *275 ULTIMATE FINDING OF FACT Petitioner's employment at Cheshire, Ohio, in 1973 was not temporary. OPINION This case, McCallister v. Commissioner, 70 T.C.     (June 29, 1978), and Hensley v. Commissioner,T.C. Memo. 1978-242, were tried as companion cases but not consolidated. Yet all three cases raise the same issue--deductibility of commuting expenses between a taxpayer's residence and a jobsite outside his normal area of employment--under substantially identical facts. Our finding here that petitioner Donald Harrison's employment at Cheshire, Ohio, in 1973 was not temporary disposes of the only issue before us. The evidence indicates that the termination of petitioner's job could not be reasonably foreseen at the time the employment commenced. The fact that petitioner had no assurance of how long his employment at the Gavin Power Plant would last is not determinative of whether the employment was "temporary" or "indefinite." In light of the facts mentioned above it would have been reasonable to assume at the inception of the employment that it would continue for a substantial, indeterminate period of time, and the substantial actual duration of *276 the employment is persuasive that the employment was "indeterminate in fact as it developed." See Norwood v. Commissioner,66 T.C. 467 (1976). Petitioner actually worked on the job 19 months, doing various jobs that an ironworker is able to do. Cheshire, Ohio, was petitioner's tax home in 1973 until his employment there was terminated. In all other significant respects this case corresponds to McCallister, and our analysis of the law and application of the law to the facts in our opinion in that case applies with equal force here. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise indicated. ↩
2. See also companion cases McCallister v. Commissioner, 70 T.C.     (June 29, 1978), and Hensley v. Commissioner,T.C. Memo. 1978-242. Petitioner Donald Harrison and the petitioner-husbands in McCallister and Hensley↩ worked at the same construction site.
3. Respondent did not disallow the transportation expenses claimed by petitioner for travel between his home and Cheshire, Ohio, on his 1971 and 1972 returns; nor did he disallow travel expenses claimed by petitioner on his 1973 return for travel between his home and the other jobsites where petitioner was employed after June 10, 1973.↩