RALPH D. HENSLEY and JANICE HENSLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hensley v. Commissioner
Docket No. 7204-76.
United States Tax Court
T.C. Memo 1978-242; 1978 Tax Ct. Memo LEXIS 271; 37 T.C.M. (CCH) 1043; T.C.M. (RIA) 78242; June 29, 1978, Filed *271 Held: Petitioner's employment as an ironworker in the construction of a power plant at Cheshire, Ohio, was not temporary in 1973. Petitioner's daily transportation expenses incurred in traveling between his residence in Shoals, W. Va., and the jobsite in Ohio are not deductible. Leon K. Oxley for petitioners. Joel V. Williamson, for respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' 1973 income tax of $ 644.85. The only issue for our decision is whether under section 162(a), I.R.C. 1954, [1] petitioners are entitled to deduct automobile expenses incurred by petitioner Ralph D. Hensley in traveling between his residence and his place of employment *272 each working day. [2]
FINDINGS OF FACT Ralph D. Hensley and Janice Hensley, husband and wife, resided in Shoals, W. Va., when their petition was filed in this case. Janice Hensley is a petitioner only because the couple filed a joint return for calendar year 1973 (at the Internal Revenue Service Center, Memphis, Tenn.), and references herein to petitioner are to Ralph D. Hensley alone. Petitioner is an ironworker and a member of both the Building and Trade Concil American Federation of Labor and Ironworkers Local No. 769, Ashland, Ky.
Petitioner obtained employment through his union local. The average duration of his jobs was 4-5 months. On January 1, 1972, petitioner began work on the General Gavin Electric Power Plant (hereinafter Gavin Power *273 Plant), in Cheshire, Ohio. His employer was Sollitt Construction Co. of South Bend, Ind., a subcontractor with respect to construction of the Gavin Power Plant. This employment was obtained through petitioner's local (Local No. 769). The duration of petitioner's employment at the Gavin Power Plant was indefinite in that it was not for a fixed period of time. Construction of the Gavin Power Plant was initiated in the spring of 1971. This construction called for the installation of two major generators that would be used to produce electricity. At the initiation of construction, it was projected the first generator would be operational by October 20, 1974. The second generator unit was projected to be operational by July 6, 1975. Both generator units were made operational by the projected dates. The Gavin Power Plant was operational after the installation and completion of its first generator unit on October 20, 1974. The Gavin Power Plant became fully operational after the installation and completion of construction on its second generator unit, which was accomplished on July 6, 1975. The Gavin Power Plant is owned by Ohio Electric, a subsidiary of Ohio Power Company, which *274 in turn is a subsidiary of American Electric Power Company. The Gavin Power Plant produces electrical power for a 7-State area in the mid-West. Petitioner was continuously employed by Sollitt Construction Co. at the Gavin Power Plant for approximately 26 months from January 1, 1972, through March 21, 1974, when he was laid off. Petitioner's job at the Gavin Power Plant project initially was to build construction slabs, and later (as of about April 1973) he put down decking. Petitioner was aware when he accepted employment with Sollitt Construction Co. at the Gavin Power Plant that construction of the plant would require several years. When he obtained the job at the Gavin Power Plant petitioner did not change his residence to his jobsite. Petitioner traveled by automobile daily to his place of employment at the Gavin Power Plant, Cheshire, Ohio, from his Shoals, W. Va., residence during the period January 1, 1972, through March 21, 1974. Petitioner returned to his Shoals, W. Va., residence after the completion of each day's work at the Gavin Power Plant. Petitioner's travel from his Shoals, W. Va., residence to Cheshire, Ohio, and return involved travel of 60 miles one *275 way and 120 miles round trip. Petitioner was not reimbursed for expenses incurred in traveling to and from the jobsite. On petitioners' 1973 income tax return, petitioner claimed an employee business expense of $ 3,031.20 for his daily travel from his Shoals, W. Va., residence to the General Gavin Electric Power Plant jobsite at Cheshire, Ohio, and for his return trip to his residence. These expenses were incurred for transportation alone. In the notice of deficiency respondent disallowed the deduction of these expenses on the ground it had not been established that the expenses claimed were ordinary and necessary business expenses or were expended for the purpose designated. [3] The parties are now in agreement, however, that substantiation of the expenses is not in issue. ULTIMATE FINDING OF FACT Petitioner's employment at Cheshire, Ohio, in 1973 was not temporary. OPINION This case, McCallister v. Commissioner, 70 T.C.    , (June 29, 1978), and Harrison v. Commissioner,T.C. Memo. 1978-241, *276 were tried as companion cases but not consolidated. Yet all three cases raise the same issue--deductibility of commuting expenses between a taxpayer's residence and a jobsite outside his normal area of employment--under substantially identical facts. Our finding here that petitioner Ralph D. Hensley's employment at Cheshire, Ohio, in 1973 was not temporary disposes of the only issue before us. See opinion in McCallister v. Commissioner,supra, filed today. The evidence indicates that the termination of petitioner's job could not be reasonably foreseen at the time the employment commenced. The fact that petitioner had no assurance of how long his employment at the Gavin Power Plant would last is not determinative of whether the employment was "temporary" or "indefinite." In light of the facts mentioned above it would have been reasonable to assume at the inception of the employment that it would continue for a substantial, indeterminate period of time, and the substantial actual duration of the employment is persuasive that the employment was "indeterminate in fact as it developed." See Norwood v. Commissioner,66 T.C. 467 (1976). Petitioner actually *277 worked on the job 26 months, doing various jobs that an ironworker is able to do. Cheshire, Ohio, was petitioner's tax home in 1973. In all other significant respects this case corresponds to McCallister, and our analysis of the law and application of the law to the facts in our opinion in that case applies with equal force here. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise specified. ↩
2. See also companion cases McCallister v. Commissioner, 70 T.C.     (June 29, 1978), and Harrison v. Commissioner,T.C. Memo. 1978-241. Petitioner Ralph D. Hensley and the husbands in McCallister and Harrison↩ worked at the same construction site.
3. Respondent did not disallow the transportation expenses claimed by petitioner for travel between his residence and Cheshire, Ohio, on his 1972 return.↩