ROBERT R. MADELUNG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Madelung v. Commissioner
Docket No. 9415-77.
United States Tax Court
T.C. Memo 1978-418; 1978 Tax Ct. Memo LEXIS 95; 37 T.C.M. (CCH) 1736; T.C.M. (RIA) 78418; October 18, 1978, Filed Robert R. Madelung, pro se. Daniel P. Ehrenreich, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Charles R. Johnston, pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court, 69 T.C. XV. [1] The Court agrees with and adopts the opinion of Special Trial Judge Charles R. Johnston which is set forth below. *96 OPINION OF SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1973 and 1974 in the respective amounts of $1,721.48 and $739.40. The issue for decision is whether petitioner is entitled to deduct, as ordinary and necessary business expenses under section 162 for travel and transportation expenses, the amounts of $6,486.00 and $2,785.60 for the taxable years 1973 and 1974 respectively. FINDINGS OF FACT Some of the facts have been stipulated and have been found accordingly. Petitioner, Robert A. Madelung, resided in Lynnfield, Massachusetts at the time the petition herein was filed. He filed his Federal income tax returns for the taxable years 1973 and 1974 with the Director, North Atlantic Service Center, Andover, Massachusetts. Petitioner is a mechanical engineer. He was employed in that capacity by the General Electric Company in Lynn, Massachusetts until January 1971. He had been so employed at Lynn for about 19 months. Prior to his employment at Lynn, he had been employed by Avco-Lycoming in Stratford, Connecticut for a period of nine years. From January 1971 until March 31, 1972, petitioner *97 was unemployed. On March 31, 1972, he was employed by Consultants and Designers, Inc. (C & D), a New York Corporation with a branch office in Waltham, Massachusetts. C & D assigned petitioner to work in Hartford, Connecticut under a contract it had with Pratt and Whitney Aircraft Company located in Hartford. Petitioner began work in Hartford on April 3, 1972. He was employed there from April 3, 1972 until April 10, 1974. At the time petitioner executed his contract of employment with C & D he was informed that his continued employment was contingent upon renewal of C & D's contract with Pratt and Whitney. That contract was renewed in December 1972. And it appears, not too clearly, from the record that the contract ran from year to year. Petitioner left his position with C & D on April 10, 1974 and obtained employment with the General Electric Company at Lynn, Massachusetts. Petitioner was divorced in 1967 and received the custody of the four children of the marriage. Upon his employment by General Electric in 1969 at Lynn, petitioner purchased a house at Lynnfield, Massachusetts and moved there with the four children. When he obtained employment at Hartford through C *98 & D he continued to maintain his home at Lynnfield where three of his children remained. During his Hartford employment at Pratt and Whitney, petitioner maintained a room at East Hartford, Connecticut. From there he traveled home to Lynnfield twice a week, once on a weekday about mid-week, and on the weekend. During 1973, petitioner incurred $1,269 for lodging expense and $2,500 for meals expense while living in East Hartford, which he deducted on his 1973 return as an employee business expense. In that year he traveled 22,740 miles between Hartford and Lynnfield for which he deducted $2,497 for mileage and $220 for tolls on his income tax return for 1973. On his 1974 return, petitioner deducted the following amounts as employee business expenses in connection with his employment at Hartford: (1) Meals, $950; (2) Lodging, $456; (3) Mileage, $1,296; and (4) Tolls, $83.60, for a total amount of $2,785.60. Respondent disallowed the claimed deductions on the ground that petitioner's employment in Hartford in 1973 and 1974 was indefinite. Petitioner contends that his employment there was temporary. Respondent argues alternatively, that, in any event, petitioner is not entitled *99 to deduct the semiweekly travel between Hartford and Lynnfield. OPINION The question of whether employment is temporary rather than indefinite is essentially "a narrow question of fact," Peurifoy v. Commissioner,358 U.S. 59 (1958). "No single element is determinative of the ultimate factual issue of temporariness, and there are no rules of thumb, durational or otherwise." Norwood v. Commissioner,66 T.C. 467, 470 (1976). As this Court explained in Tucker v. Commissioner,55 T.C. 783, 786 (1971): The purpose of allowing the deduction of living expenses while a taxpayer is "away from home" is "to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." Ronald D. Kroll,49 T.C. 557, 562 (1968). In furtherance of this purpose, when a taxpayer with a principal place of employment goes elsewhere to take work which is merely temporary, he may deduct the living expenses incurred at the temporary post of duty, because it would not be reasonable to expect him to move his residence under *100 such circumstances. Emil J. Michaels,53 T.C. 269 (1969); Ronald D. Kroll,supra.* * * We think that there was a direct connection between the expenditures incurred and the carrying on of the employer's business. Respondent does not contest the reasonableness nor the necessity for the expenses. The petitioner had a home at Lynnfield during the taxable years and returned to work there at the earliest opportunity. The underpinning of respondent's primary contention that petitioner's presence in Hartford was indefinite is essentially durational. This cannot be the sole test. Norwood v. Commissioner,supra.As has been pointed out in this difficult area, the ultimate question is whether the taxpayer, under all the circumstances, could reasonably have been expected to move his residence to the vicinity of his employment. We have concluded that he could not. The fact that petitioner terminated his employment in 1974 when a job became available with General Electric Company at Lynn, Massachusetts demonstrates the temporary nature of the employment at Hartford. Cf. Pazden v. Commissioner,T.C. Memo. 1977-139; *101 Babeaux v. Commissioner,T.C. Memo. 1977-154, on appeal (4th Cir. Oct. 12, 1977); Patrick v. Commissioner,T.C. Memo. 1977-153, on appeal (4th Cir. Nov. 23, 1977); Waldrop v. Commissioner,T.C. Memo. 1977-190, on appeal (4th Cir. Oct. 18, 1977); and Saunders v. Commissioner,T.C. Memo. 1977-427. Taking into account the economic, social and familial ties of petitioner in Lynnfield, we conclude that petitioner's employment in Hartford was temporary. We agree with respondent's alternative contention and hold that petitioner is not entitled to deduct the expense of the semiweekly travel between Hartford and Lynnfield. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. Pursuant to General Order No. 6 dated March 8, 1978, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.