BENJAMIN McPHAYDEN and VELMA McPHAYDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
McPhayden v. Commissioner
Docket No. 4405-77.
United States Tax Court
T.C. Memo 1979-126; 1979 Tax Ct. Memo LEXIS 403; 38 T.C.M. (CCH) 567; T.C.M. (RIA) 79126; April 4, 1979, Filed Arnold M. Johnson, for the petitioners. Clifford C. Larson, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1974 in the amount of $1,979.38. Due to a concession by respondent, one issue remains for our decision: whether Petitioner Benjamin McPhayden was away from home within the meaning of section 162(a)(2), Internal Revenue Code *404 of 1954, [1] when he was employed in Washington, D.C. and Atlanta, Georgia during 1974. If he was away from home, petitioners are entitled to the deduction claimed by them for travel and living expenses of Petitioner Benjamin McPhayden; if he was not away from home, petitioners are not entitled to the claimed deduction. FINDINGS OF FACT Petitioners Benjamin McPhayden (hereinafter petitioner) and Velma McPhayden filed a joint Federal income tax return for 1974. They resided in Los Angeles, California, when they filed their petition in this proceeding. [2]
During 1970 and 1971, petitioner was employed by Shea Construction Company (hereinafter Shea) as a tool issuer on the Pyramid Dam project in Sylimar, California.In December 1971, after the Pyramid Dam project had been shut down due to an explosion, Shea sent petitioner to set up a tool house in Washington, D.C. where Shea was engaged in a joint venture to build a train tunnel beneath the Potomac River. Technically, petitioner's *405 employer was the joint venture, Shea - S & M - Ball Construction of Arlington, Virginia.Beginning with this assignment to Washington and continuing through the taxable year at issue, petitioner would receive a six-month assignment from Shea to set up a tool house and take in supplies at a project of theirs. He would perform that assignment and then return to California. Each time he returned to California, petitioner expected to go back to work on the Pyramid Dam project but really had no way of knowing where he would be assigned for the next six months. The assignments were for six-month periods because it usually took about six months to set up a tool house and to get the necessary supplies in order. Each of the assignments that petitioner received from December 1971 through 1973 was for work in Washington, D.C. After returning to California in May 1974 from an assignment in Washington, D.C., petitioner received an assignment for work in Atlanta, Georgia, where he worked for the remainder of 1974. On their joint Federal income tax return for 1974, under section 162(a)(2), petitioners deducted travel and living expenses of $6,672.98 attributable to petitioner's work in Washington, *406 D.C. and Atlanta, Georgia. Respondent found that for purposes of section 162(a)(2), petitioner was not "away from home" during 1974 and therefore respondent disallowed the claimed deduction in its entirety. ULTIMATE FINDING OF FACT Petitioner Benjamin McPhayden was away from home throughout 1974 within the meaning of section 162(a)(2); his tax home was Los Angeles, California. OPINION Section 162(a)(2) allows a deduction for travel expenses. The section provides in pertinent part as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * * [Emphasis added.] The only ground on which respondent has disallowed petitioners' claimed deduction is that petitioner was not "away from home" when he incurred the claimed expenses.
An individual's tax home is usually his principal *407 place of employment, Wills v. Commissioner,411 F.2d 537 (9th Cir. 1969), and his expenses for meals and lodging in that vicinity are nondeductible under section 262. However, a taxpayer may deduct such expenses if incurred when he is temporarily employed away from his permanent home. Peurifoy v. Commissioner,358 U.S. 59 (1958). As we explained in Tucker v. Commissioner,55 T.C. 783, 786 (1971): The purpose of allowing the deduction of living expenses while a taxpayer is "away from home" is "to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." Ronald D. Kroll,49 T.C. 557, 562 (1968). In furtherance of this purpose, when a taxpayer with a principal place of employment goes elsewhere to take work which is merely temporary he may deduct the living expenses incurred at the temporary post of duty, because it would not be reasonable to expect him to move his residence under such circumstances. Emil J. Michaels,53 T.C. 269 (1969); Ronald D. Kroll,supra. *408 * * * In the instant case, petitioner incurred additional and duplicate living expenses while he worked in Washington and Atlanta. If his jobs in those cities were temporary, his travel expenses including meals and lodging would be deductible under section 162(a)(2). Whether petitioner's employment in Washington and Atlanta during 1974 was temporary in nature is a question of fact. Peurifoy v. Commissioner,supra at 60. On the basis of the entire record before us, we have found that petitioner's employment in Washington and Atlanta during 1974 was temporary in nature. Respondent's argument that petitioner's assignments in Washington had taken on an indefinite character by 1974 is contradicted by the facts before us. Petitioner's unexpected assignment to work in Atlanta underscores the temporary, transient nature of each of his assignments and corroborates petitioner's testimony generally. Petitioner testified without contradiction or question that he had no way of knowing where he would be assigned after each six-month assignment concluded. At the end of each out-of-town assignment, petitioner returned to California without any knowledge of where he *409 would be assigned next, but thought that he would be reemployed in California. Given petitioner's inability to anticipate where he would be assigned next, the inherently transient character of each construction project, the limited duration of each assignment and petitioner's history of family and job ties to California, we cannot find that Washington ever became his tax home.
As for petitioner's assignment to work in Atlanta, respondent's case is even weaker than that in respect of the Washington assignment. The assignment was petitioner's first assignment by Shea to work in Atlanta. There is no evidence at all to support a finding that the assignment was permanent or indefinite. To the contrary, the proof adduced by petitioner convinces us that the six-month assignment was of a temporary nature. Respondent also argues that petitioner's trips back to California were not interim periods between assignments but rather were vacations that occurred every six months. Petitioner's testimony contradicts this argument. Petitioner was a highly credible witness who presented testimony that was altogether consistent and straightforward; we believe him. Respondent argues further that *410 the passage of time should have convinced petitioner that his employment in Washington was of an indefinite nature. Petitioner's testimony that he had no way of knowing where his employer would send him at the conclusion of each six-month assignment is borne out by the fact of his sudden assignment to work in Atlanta. Petitioner's function, that of setting up tool houses and taking in supplies, lent itself to changes of assignment, since his skills were especially necessary at new jobsites. Under the facts before us, we cannot find that petitioner's assignment to work in Washington was indefinite rather than temporary merely because of the passage of time; quite clearly, the same is true of his assignment to work in Atlanta. "No single element is determinative of the ultimate factual issue of temporariness, and there are no rules of thumb, durational or otherwise." Norwood v. Commissioner,66 T.C. 467, 470 (1976). Having found that petitioner's employment in Washington and Atlanta during 1974 was temporary in nature, Los Angeles remained his tax home. Therefore we hold that the expenses in question here are deductible under section 162(a)(2) as traveling expenses *411 paid or incurred in pursuit of a trade or business while temporarily away from home. In accordance with the above holding and respondent's concession concerning dependency exemptions, Decision will be entered for the petitioners.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner and his wife maintained a permanent home in Los Angeles at all times pertinent to the facts herein.↩