JAMES D. and WANDA M. GROOVER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Groover v. Commissioner
Docket No. 11045-80.
United States Tax Court
T.C. Memo 1982-329; 1982 Tax Ct. Memo LEXIS 417; 44 T.C.M. (CCH) 103; T.C.M. (RIA) 82329; June 14, 1982. *417 In 1975, P, who maintained his family residence in Jonesboro, Ga., accepted employment with the TVA at Spring City, Tenn. For 5 successive years, he was hired for a period of 50 weeks, terminated for 2 weeks, and then rehired for another 50-week period. He voluntarily left such position in 1980. Held, P may not deduct his expenses of traveling to and living in Spring City since he was not "away from home" while working there. James D. Groover, pro se. Jay A. Sekulow, for the respondent. *418 SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in the petitioners' Federal income taxes: Year
Deficiency
1976
$1,204.00
1977
1,883.00
1978
1,871.77
The sole issue for decision is whether the expenses for meals, lodging, and transportation incurred by Mr. Groover in residing near a nuclear power plant construction site where he was employed were incurred while he was "away from home" within the meaning of section 162(a) of the Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, James D. and Wanda M. Groover, husband and wife, were legal residents of Jonesboro, Ga., at the time they filed their petition in this case. They filed their joint Federal income tax returns for the years 1976, 1977, and 1978 with the Internal Revenue Service Center, Chamblee, Ga. Mr. Groover will sometimes be referred to as the petitioner. Mr. Groover is an electrician. *419 In 1975, he, his wife, and his family maintained a permanent home in Jonesboro, Ga. However, at that time, he could not find work in the Jonesboro area. As a result, in 1975, Mr. Groover went to Spring City, Tenn., and commenced work at the Watts Bar Nuclear Power Plant being constructed by the Tennessee Valley Authority (TVA). He was employed under a specifically limited temporary appointment for a period of 50 weeks. At the completion of such period, his employment was terminated, and he was laid off for 2 weeks. During the layoff, he returned to Jonesboro, looked for work in that area, and received unemployment compensation. After the 2-week layoff, he returned to TVA and was re-employed for another period of 50 weeks. He continued to work at the Watts Bar project under this arrangement until April 1980, when he left voluntarily and took a position in Macon, Ga. This arrangement enabled TVA to secure the necessary employees without employing them as full-time permanent Federal employees and without conferring on them the benefits of such full-time employment. When Mr. Groover began working at the Watts Bar project, it had been under construction for a number of years, *420 and he expected that the completion of such project would take 2 to 3 years. While working there, he was promoted to electrician superintendent, and he supervised between 14 and 40 employees installing cable. He was respected by his fellow employees and by management.
While Mr. Groover worked in Spring City, his wife and family continued to live in Jonesboro, and she taught school and worked for the Clayton County Board of Education. He returned to Jonesboro every weekend, a distance of approximately 210 miles each way. When he was in Spring City, he lived in motels and apartments. On their Federal income tax returns, the petitioners deducted $5,360 in 1976, $6,425 in 1977, and $6,070 in 1978 for meals, lodging, and travel expenses relating to Mr. Groover's employment in Spring City. In his notice of deficiency, the Commissioner disallowed such deductions on the grounds that the expenses were not ordinary and necessary and that Mr. Groover's employment in Spring City was indefinite, not temporary. OPINION We must decide whether Mr. Groover is entitled to deduct the expenses he incurred in 1976 through 1978 while working for the TVA in Spring City, Tenn. Personal living *421 expenses are ordinarily nondeductible. Sec. 262. However, section 162(a)(2) allows a taxpayer to deduct his living expenses paid or incurred while away from home in the pursuit of a trade or business. In Commissioner v. Flowers,326 U.S. 465 (1946), the Supreme Court held that the taxpayer could not deduct the expenses of traveling to and living at his place of employment, except where the traveling was required by the exigencies of his employment rather than by his "personal conveniences and necessities." 326 U.S. at 474. The purpose of allowing deductions for living expenses for taxpayer who is away from home is to "mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and deplicate living expenses." Kroll v. Commissioner,49 T.C. 557, 562 (1968). A taxpayer's home for purposes of section 162(a) is to be located in the vicinity of his principal place of employment. See Commissioner v. Stidger,386 U.S. 287 (1967); Mitchell v. Commissioner,74 T.C. 578 (1980); Kroll v. Commissioner,supra; *422 Garlock v. Commissioner,34 T.C. 611 (1960). Where a taxpayer with a principal place of employment goes elsewhere to take work which is "temporary" and not "indefinite," his home for purposes of section 162(a) remains the vicinity of his principal place of employment since it would not be reasonable to expect him to move his residence under such circumstances. See Peurifoy v. Commissioner,358 U.S. 59, 60 (1958); Mitchell v. Commissioner,74 T.C. at 581; Tucker v. Commissioner,55 T.C. 783, 786 (1971). On the other hand, if the taxpayer chooses for personal reasons to maintain a family residence far from his principal place of employment, then his additional traveling and living expenses are incurred as a result of that personal choice and therefore are not deductible. Sec. 262; Commissioner v. Flowers,supra;Tucker v. Commissioner,55 T.C. at 786; Kroll v. Commissioner,49 T.C. at 561-562; Garlock v. Commissioner,34 T.C. at 615.The same result occurs if the taxpayer accepts indefinite employment outside the vicinity in which he lives but *423 does not change his family residence. Here, too, the additional living costs result not from his employment but from his decision not to move his residence. For this purpose, temporary employment is a type which can be expected to last for a short period of time. Mitchell v. Commissioner,74 T.C. at 581; Tucker v. Commissioner,supra at 786. However, even if it is known that a particular job will terminate at some future date, that job is not temporary if it is expected to last for a substantial or indefinite period of time. Jones v. Commissioner,54 T.C. 734 (1970), affd. 444 F.2d 508 (5th Cir. 1971); Norwood v. Commissioner,66 T.C. 467 (1976). Furthermore, temporary employment may become indefinite due to changed circumstances or merely the passage of time. Norwood v. Commissioner,supra;Garlock v. Commissioner,supra.Whether a taxpayer's employment is temporary or indefinite is a question of fact. Peurifoy v. Commissioner,supra."No single element is determinative of the ultimate factual issue of temporariness, and there *424 are no rules of thumb, durational or otherwise." Norwood v. Commissioner,66 T.C. at 470. The ultimate question is whether the nature of the position in which a taxpayer is employed is such that he could reasonably have been expected to move his residence. Tucker v. Commissioner,supra at 786. The petitioner bears the burden of disproving the Commissioner's determination that his employment is Spring City was indefinite. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). In the present case, we have concluded that Mr. Groover's employment at the Watts Bar project was not temporary but was indefinite. Although he was hired as a term employee in 1975 and had no right to continue to work beyond the termination date in his 50-week contract, Mr. Groover testified that the primary objective of the TVA in maintaining its practice of hiring employees on such basis was solely to prevent them from securing the benefits of permanent full-time Federal employees. When he took the job, Mr. Groover hoped and expected that such work would last 2 to 3 years.While so employed, he considered himself *425 a good employee, and he was in fact promoted to a supervisory position. Under these circumstances, we believe that Mr. Groover could reasonably expect to be re-employed at the expiration of each contract term. Accordingly, he should have moved his residence to Spring City, and his decision to maintain his Jonesboro home was a personal one. [2]
The petitioners rely on the fact that the TVA classified Mr. Groover as a temporary employee, but that fact is not determinative. In Blatnick v. Commissioner,56 T.C. 1344 (1971), we held that employment was not temporary where a taxpayer could reasonably anticipate continuous employment at a jobsite notwithstanding that such employment was interrupted by periodic layoffs. The petitioners also rely on Frederick v. United States,457 F. Supp. 1274 (D.N.D. 1978), *426 affd. 603 F. 2d 1292 (8th Cir. 1979), but that case is distinguishable. There, the taxpayers were hired for a construction project, and although the employment of the taxpayers lasted at least 2 years, the court held that the employment of each of the taxpayers was temporary. The record before that court showed that "The construction industry * * * is seasonal, and during the winter months * * * [the employer] retained only the number of employees it needed to handle maintenance and indoor construction work. At best, plaintiffs had mere hopes of being retained through the winter." 457 F. Supp. at 1281. On the basis of such record, the court stated that when the taxpayers were hired in the spring of 1970, "it could not have reasonably been foreseen that their employment would last beyond the summer season." 457 F. Supp. at 1281. On the contrary, in this case, although Mr. Groover's employment contract provided for a term of 50 weeks, there was a reasonable probability that he would be re-employed, and his decision to return each year for re-employment further convinces us that his employment was indefinite rather than temporary. We recognize *427 that if the petitioners had moved their residence, Mrs. Groover would have had to give up her position and their children would have had to attend a new school. However, we have previously held that if a taxpayer is employed away from his personal residence, such employment is not considered temporary merely because the taxpayer's spouse is employed in the vicinity of the personal residence and does not desire to leave such employment. See Foote v. Commissioner,67 T.C. 1, 4-5 (1976); Tucker v. Commissioner,55 T.C. at 788; Kroll v. Commissioner,49 T.C. at 565. Here, Mr. Groover's employment with the TVA was clearly not temporary, and the petitioners' decision not to move to Spring City was personal. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. For other cases involving substantially similar facts, see Vermillion v. Commissioner,T.C. Memo. 1982-192; Nelson v. Commissioner,T.C. Memo. 1982-191; Payne v. Commissioner,T.C. Memo. 1982-190; Brown v. Commissioner,T.C. Memo. 1982-189↩. In those cases, the Court also held that the taxpayers' employment was indefinite and not temporary.