ROBERT M. AND SHARON D. BURLESON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burleson v. Commissioner
Docket No. 25208-92
United States Tax Court
T.C. Memo 1994-364; 1994 Tax Ct. Memo LEXIS 369; 68 T.C.M. (CCH) 288; August 1, 1994, Filed *369 Decision will be entered under Rule 155. P and R submitted this case on the basis of fully stipulated facts subsequent to this Court's opinion in Walker v. Commissioner, 101 T.C. 537 (1993). Walker involved an issue (transportation expenses) and facts indistinguishable from this case. In Walker, we treated Rev. Rul. 90-23, 1990-1 C.B. 28, as a concession by R. Seventy-eight days after this case was submitted fully stipulated and 5 days before R's brief was filed, R released Rev. Rul. 94-47, 1994-29 I.R.B. 6 (July 18, 1994), which significantly modified Rev. Rul. 90-23, supra. R now relies on Rev. Rul. 94-47, supra, in arguing that P is not entitled to deduct his transportation expenses. Held: Rev. Rul. 90-23, supra, which we have previously decided constituted a concession of the issue presented in this case, was in existence when the evidentiary record in this case was submitted. R's reliance upon Rev. Rul. 94-47, *370 supra, which was issued after the factual record was submitted, is fundamentally unfair to P. We will decide this case on the basis of the facts existing on the date of submission. P is entitled to prevail in light of our decision in Walker v. Commissioner, supra.
Robert M. and Sharon D. Burleson, pro sese. For respondent: Michael W. Lloyd and Michael A. Nixon. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6662(a)
1989
$ 5,082
$ 625
1990
12,178
2,436
After concessions, the only issue remaining for decision is whether petitioners may deduct transportation expenses under section 162(a). [1]
This case was submitted *371 fully stipulated on April 18, 1994. The stipulation of facts, first supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. Petitioners resided in Hill City, South Dakota, at the time they filed their petition. This is another in a series of cases involving loggers working in the Black Hills of South Dakota. See Walker v. Commissioner, 101 T.C. 537 (1993); Burleson v. Commissioner, T.C. Memo. 1994-130 (involving different taxpayers); Nikkila v. Commissioner, T.C. Memo. 1993-628; Boice v. Commissioner, T.C. Memo. 1993-627; Callison v. Commissioner, T.C. Memo. 1993-626; Burleson v. Commissioner, T.C. Memo. 1993-625 (involving petitioners herein).[2] In each case, the primary issue was whether the taxpayers could deduct the logger's expenses for transportation between temporary cutting sites in the Black Hills National Forest (Forest) and the taxpayers' homes, which were also located in the Forest. In each case, the logger worked at various temporary cutting *372 sites throughout the year and maintained a regular place of business at his residence where he stored tools, maintained and repaired equipment, and performed certain administrative chores. Respondent agrees and we find that the facts in this case are indistinguishable from those in Walker v. Commissioner, supra, and the cases following it. In Walker v. Commissioner, supra, we analyzed the case law and regulations governing transportation expenses within a single metropolitan area, and concluded that these authorities supported the proposition that a taxpayer's residence must be his principal place of business in order to deduct transportation expenses to and from the residence. Walker v. Commissioner, 101 T.C. at 544-546 (citing Commissioner v. Flowers, 326 U.S. 465, 474-474 (1946); *373 Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), affg. and remanding T.C. Memo. 1962-233; Wisconsin Psychiatric Servs., Ltd. v. Commissioner, 76 T.C. 839, 849 (1981); Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980); secs. 1.162-2(e), and sec. 1.262-1(b)(5), Income Tax Regs.). We also observed that the Commissioner, in Rev. Rul. 90-23, 1990-1 C.B. 28, 29, had ruled that a taxpayer who has one or more "regular places of business" and "who pays or incurs daily transportation expenses for trips between the taxpayer's residence and temporary work locations" within a metropolitan area may deduct such expenses. We found that the taxpayers in Walker had met the requirements of the ruling. Thus, we stated: We have analyzed the transportation-commuting expense issue in light of both the existing case law and respondent's recent revenue ruling. We conclude that they produce inconsistent results. We must now choose between the two. For this, we are not without guidance. A very similar situation was *374 present in Norwood v. Commissioner, 66 T.C. 467 (1976), where respondent had adopted a position that was favorable to the taxpayer and inconsistent with the precedent in this Court. Norwood also involved the deductibility of commuting type expenses, albeit in a somewhat different context. In Norwood, we treated respondent's position as a concession. We likewise treat respondent's position in Rev. Rul. 90-23, supra, as a concession that petitioners are entitled to deduct the full amount of their truck expenses if they can establish that they meet the factual requirements of the ruling. Since we have found that they meet those requirements, petitioners are entitled to deduct all the truck expenses in issue. [Walker v. Commissioner, supra at 550-551; fn. ref. omitted.]
Pursuant to the parties' motion to submit this case fully stipulated, we directed them to file seriatim briefs, with respondent's opening brief due July 5, 1994. On June 30, 1994, respondent released Rev. Rul. 94-47, 1994-29 I.R.B. 6 (July 18, 1994), *375 which purports to "amplify and clarify" Rev. Rul. 90-23, supra. On opening brief (submitted 5 days later), respondent relies on Rev. Rul. 94-47, supra, stating: Respondent acknowledges that petitioners' situation regarding the transportation expenses is substantially the same as that of the taxpayer in Walker v. Commissioner, 101 T.C. 537 (1993). In Walker the Tax Court treated respondent's position in Rev. Rul. 90-23, 1990-1 C.B. 28, as a concession of the transportation expense issue. Rev. Rul. 90-23, as amplified and clarified by Rev. Rul. 94-47, allows a transportation expense deduction only in certain limited situations, none of which apply to Robert Burleson. Respondent therefore does not concede this issue. Rev. Rul. 94-47 expressly provides that taxpayers such as Robert Burleson do not fall within Rev. Rul. 90-23. Thus, Robert Burleson *376 does not qualify for an exception to the general rule that the costs of transportation between a taxpayer's residence and the taxpayer's place of business are nondeductible commuting costs.
This is a morsel we simply cannot swallow. The petitioners herein are pro sese. They have already been subjected to litigation on this issue for an earlier taxable year, where they prevailed in light of Walker. See Burleson v. Commissioner, T.C. Memo. 1993-625. [3] Petitioners prepared their case and agreed to a full stipulation of facts in April 1994, 4 months after our decision in Walker and almost 3 months prior to Rev. Rul. 94-47. Respondent's attempt to tilt the playing field via Rev. Rul. 94-47 is therefore somewhat belated with regard to these petitioners. *377 We find especially telling respondent's own characterization of Rev. Rul. 94-47 as it relates to petitioners. In anticipation of the possibility that petitioners might raise a defense of collateral estoppel based on our opinion in their earlier case, respondent likens Rev. Rul. 94-47 to a "change in controlling facts". [4] This characterization is quite unsettling in light of the submission of this case on fully stipulated and agreed facts. We know of no authority by which respondent can unilaterally "change" a "controlling fact" after a case has been submitted on fully stipulated facts. Indeed, it is quite possible that petitioners would have declined to submit this case fully stipulated (and chosen to go to trial) had Rev. Rul. 94-47 already been in existence. For example, petitioners may have desired the opportunity to show the exact distances of Mr. Burleson's daily transportation, the type of terrain over which he traveled, and facts about the Forest. Such facts may have been used by petitioners to argue that their deductions met respondent's standards. *378 [5] As it stands, petitioners have not had that opportunity.
*379 Respondent contends that Rev. Rul. 94-47 is merely an "amplification and clarification" of Rev. Rul. 90-23. To this Court, it appears to be a full-fledged change of position. Respondent contends that Rev. Rul. 90-23 was never intended to apply to taxpayers whose regular place of business is at their residence. Yet, the ruling states: a taxpayer who has one or more regular places of business and who pays or incurs daily transportation expenses for trips between the taxpayer's residence and temporary work locations * * * [has incurred] * * * deductible business expenses under section 162(a) of the Code * * * [ Rev. Rul. 90-23, 1990-1 C.B. at 29.]
It then states: "a regular place of business is any location at which the taxpayer works or performs services on a regular basis, and a temporary place of business is any location at which the taxpayer performs services on an irregular or short-term * * * basis." Id. at 29. Rev. Rul. 94-47 *380 acknowledges that a taxpayer's residence can be a regular place of business, confirming our interpretation of Rev. Rul. 90-23. Yet, Rev. Rul. 94-47, 1994-29 I.R.B. 6, goes on to deny deductibility in "a situation where the taxpayer's only regular place of business is located at the taxpayer's residence". This is clearly a basic change in respondent's published position. To allow respondent to rely on this change, made after submitting this case fully stipulated, would be fundamentally unfair. [6]
*381 We recognize that respondent is entitled to modify or revoke published positions and that respondent is not compelled to assume an obsolete litigation posture. Moreover, we note that section 7805(b) establishes a presumption that regulations and rulings may be applied retroactively. However, it has been held that the Commissioner's decision to retroactively apply a modification or changed regulation may be reviewed under an abuse of discretion standard. See Gehl Co. v. Commissioner, 795 F.2d 1324, 1332 (7th Cir. 1986); First Chicago Corp. v. Commissioner, 96 T.C. 421, 437-438 (1991). Relevant considerations include whether or to what extent the taxpayer justifiably relied on the prior position and whether retroactive application would create an inordinately harsh result. Here, petitioners justifiably relied upon Rev. Rul. 90-23 when they joined respondent in submitting this case on stipulated facts. [7] To apply the new provisions of Rev. Rul. 94-47 to these petitioners under these circumstances, would create an inordinately harsh result. *382 We hold that petitioners may deduct the transportation expenses in issue. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This Court followed Walker v. Commissioner, 101 T.C. 537↩ (1993), in each of the other logger cases.
3. To date, the Government has appealed Walker and two of the decisions following it (one of which involved petitioners' prior taxable years). Within days of the release of Rev. Rul. 94-47, the Government filed voluntary motions to dismiss its appeals of Walker↩ and one of the other decisions. Both motions were granted and the appeals were dismissed. No voluntary dismissal has been entered with respect to the decision involving petitioners' prior years.
4. Respondent states on brief, the amplification and clarification of Rev. Rul. 90-23 by Rev. Rul. 94-47 is analogous to a change in controlling facts, which prevents application of collateral estoppel. Collateral estoppel does not apply if there is a change of the applicable facts or applicable law in the interim between the two cases. Commissioner v. Sunnen, 333 U.S. 591, 599↩ (1948). Assuming the court's treatment of respondent's position in the prior case as a concession was correct, the absence of a concession in this case is a change in controlling facts. * * *
5. Respondent argues on brief that Mr. Burleson's transportation does not meet those standards because, inter alia, he traveled only within a metropolitan area. However, in Walker v. Commissioner, 101 T.C. at 547↩, on which respondent relies for this argument, we merely "accepted" respondent's own argument that the Forest was a single metropolitan area. We made no conclusive holding on that issue. Petitioners may have tried to convince us otherwise had they been provided with a reason to do so.
6. It would appear that respondent's characterization of Rev. Rul. 94-47 as an "amplification and clarification" is in recognition of her own policy that revenue rulings that modify prior rulings ordinarily will not be applied retroactively. Rev. proc. 89-14, 1989-1 C.B. 815 states: When revenue rulings revoke or modify rulings previously published in the Bulletin, the authority of section 7805(b)↩ ordinarily is invoked to provide that the new rulings will not be applied retroactively to the extent that the new rulings have adverse tax consequences to taxpayers. * * *
7. The Commissioner's own procedural rules state that published rulings "are published to provide precedents to be used in the disposition of other cases, and may be cited and relied upon for that purpose." Rev. Proc. 89-14, 1989-1 C.B. 814, 815; Rev. Proc. 78-24, sec. 7.01(4), 1978-2 C.B. 503↩, 505.