T.C. Memo. 2000-8

UNITED STATES TAX COURT

VLADIMIR D. & JOSEPHINE M. SARIC, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16637-98.                    Filed January 10, 2000.

Vladimir D. Saric, pro se.

<u>Gary M. Slavett</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioners' 1994, 1995, and 1996 Federal income
taxes in the amounts of $2,250, $3,978, and $1,965, respectively.
Unless otherwise indicated, all section references are to the
Internal Revenue Code in effect for the years in issue.

After concessions,[1] the issue for decision is whether petitioners are entitled to deduct Schedule A "away from home" expenses of $23,149, $36,402, and $22,532, for 1994, 1995, and 1996, respectively.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time their petition was filed, petitioners resided in Rowland Heights, California.

From January through April of 1994, Vladimir Saric (petitioner) was unemployed. He lived in Rowland Heights with his wife and three daughters. Through CDI Corp. or CDI Personal Services, Inc. (collectively referred to as CDI), a temporary employment agency, petitioner was assigned to work for Raytheon Service Co. (Raytheon) as an electrical engineer for a Federal Aviation Administration (FAA) project. Raytheon's office is located in Manhattan Beach, California. In obtaining the job with Raytheon, petitioner was interviewed by Harry Moreau (Mr. Moreau), an engineer with FAA who was overseeing a project in Fremont, California (the Fremont project). The objective of the project was to install two diesel generators which would provide

---

[1] The parties submitted a Stipulation of Settled Issues in which petitioners conceded all issues except for the issue stated above.

power for air flight controllers. Mr. Moreau asked petitioner to come to Fremont to work on the project, and petitioner agreed. Fremont is approximately 400 miles from petitioner's home.

Petitioner stayed in Fremont from Monday through Friday, and he drove back to Rowland Heights every weekend to stay with his family. While in Fremont, petitioner stayed in a motel. Eventually, petitioner moved into an apartment with first a weekly lease and then a monthly lease. According to petitioner, Mr. Moreau, at any time, could have told petitioner that he was no longer needed. Mr. Moreau would tell petitioner whether he was needed on the project from week to week. During the years in issue, petitioner was needed in Fremont every week.

A project such as the Fremont project usually takes about 2 years to complete. The Fremont project consisted of two phases. For the first phase, a building was constructed with all underground utilities to house the diesel generators. This phase lasted from June 1994 to May 1995. The second phase involved the installation of control panels, switch gears, and the two diesel generators. Petitioner was asked to stay on for the second phase which lasted from June 1995 to August 1996. During the first phase, petitioner was considered an employee of CDI. In between phases, petitioner was hired as an employee of Raytheon. At no time was petitioner reimbursed for his expenses.

Petitioners claim they are entitled to Schedule A "away from home" employee business expense deductions of $23,149, $36,402, and $22,532 for years 1994, 1995, and 1996, respectively. Petitioner claims these expenses were for transportation to and from Fremont and meals and lodging while in Fremont.

Respondent disallowed the away from home expenses.

Discussion

Deductions are a matter of legislative grace. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of proving that they are entitled to their claimed deductions. See Welch v. Helvering, 290 U.S. 111, 115 (1933).

A taxpayer ordinarily may not deduct a personal expense. See sec. 262. Section 162(a), however, allows a taxpayer to deduct traveling expenses incurred while away from home. A taxpayer may deduct traveling expenses under section 162(a)(2) if he satisfies the following three conditions: (1) The expense must be reasonable and necessary; (2) it must be incurred while away from home; and (3) it must be incurred in the pursuit of a trade or business. See Commissioner v. Flowers, 326 U.S. 465, 470 (1946). A "taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." Sec. 162(a).

Respondent contends that petitioner was not away from home while he was working in Fremont.

For purposes of section 162(a)(2), generally a taxpayer's home is the vicinity of his principal place of employment, not where his personal residence is located. See Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). However, if a taxpayer's principal place of employment is temporary rather than indefinite, the taxpayer's residence may be considered the taxpayer's home, and the taxpayer may deduct the expenses associated with traveling to and living at a job site. See Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958).

Petitioners contend that even though petitioner's employment on the Fremont Project lasted 2 years, it was temporary since it was possible Mr. Moreau would have told him that he was not needed. In that sense, all employment is temporary in that employees, unless tenured, generally serve at the will of the employer.

A place of business is a temporary place of business if the employment is such that termination within a short period of time could be foreseen. See Albert v. Commissioner, 13 T.C. 129, 131 (1949). Conversely, employment is categorized as indefinite, substantial, or indeterminate if its termination cannot be foreseen within a fixed or reasonably short period of time. See Stricker v. Commissioner, 54 T.C. 355, 361 (1970), affd. 438 F.2d

1216 (6th Cir. 1971). Employment which is temporary may become indefinite due to changed circumstances or the passage of time. See Norwood v. Commissioner, 66 T.C. 467, 470 (1976). Whether a taxpayer's employment is temporary or indefinite is a question of fact. See Peurifoy v. Commissioner, supra at 61; cf. Harvey v. Commissioner, 283 F.2d 491 (9th Cir. 1960), revg. 32 T.C. 1368 (1959).

Petitioner worked on the Fremont project for 27 months. While petitioner was an employee of a temporary services agency (CDI) when first employed in Fremont, petitioner had no reason to believe that such employment would be temporary. In fact, it ended up becoming a matter of long duration. Thus his employment was of an indefinite nature. In May 1995, after working on the project for 12 months, petitioner was hired as an employee of Raytheon and was asked to stay for phase two of the project. Indeed, petitioner remained in Fremont until August 1996. Petitioner stated that a project such as the Fremont project usually lasts around 2 years; therefore, there was a probability that petitioner would work on the project for its entire duration. Furthermore, the statute specifically states that employment in excess of 1 year is not temporary, see sec. 162(a), and petitioner's employment exceeded this limitation.

At trial, petitioner stated that he drove back to Rowland Heights every weekend for the personal purpose of being with his

wife and daughters.  Petitioner also argued that he occasionally had to go into the Raytheon office in Manhattan Beach because he was required to attend safety training, or he had to pick up supplies.  Petitioner has offered no evidence of the frequency, if any, of these office visits, but they were not every weekend.[2] Furthermore, petitioner argued that he was assigned to the Raytheon office which was his principal place of business and therefore his tax home.  Petitioner may have been administratively assigned to the Raytheon office; however, petitioner's principal place of employment was at the Fremont project where he was needed Monday through Friday for 27 months.

Based on the record, we find that petitioner's tax home for purposes of section 162(a)(2) was in Fremont during the years at issue.  We find that petitioner maintained his residence in Rowland Heights out of personal preference and not for business reasons.  See Commissioner v. Flowers, 326 U.S. 465 (1946). Accordingly, we hold that petitioners are not entitled to claim deductions for traveling and living expenses paid in connection

---

[2]  In petitioners' posttrial brief, they state for the first time that petitioner had to bring in his time sheet to the Raytheon office every Friday.  Petitioners offered no evidence at trial to support this contention, and the record reflects otherwise.

with petitioner's employment since he was not away from home.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.
